THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MEDDIE GOYETTE, Respondent.— Appeal from an order of the Tompkins County Court, allowing a demurrer to an indictment and dismissing the indictment and ordering the resubmission of the charge to another grand jury. The indictment purports to charge the defendant with the crime of rape in the second degree in violation of section 2010 of the Penal Law. The indictment fails to allege that the defendant was "of the age of twenty-one years or over". By chapter 525 of the Laws of 1950, section 2010 was amended to make that fact an essential element of the crime of rape in the second degree, and to provide that otherwise the crime would be a misdemeanor. In its present form the indictment may be construed as accusing the defendant of only a misdemeanor, although it purports to indict him for the felony of rape in the second degree. (*People* v. *Burch,* 281

App. Div. 348, 350.) Under the circumstances presented by this record it was within the discretion of the County Court to order that the matter be resubmitted to a Grand Jury. It is therefore unnecessary to pass upon the question of whether the indictment is fatally defective. The People's motion to amend the indictment, made upon arraignment, was properly denied. The Code of Criminal Procedure provides only for authority to amend an indictment "Upon the trial" and "according to proof." (Code Crim. Pro., §§ 293, 295-j.) Moreover, the granting of an order to amend is discretionary. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.