THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANNIELLO ERCOLE, also Known as " T ", Appellant.— Judgment of the County Court, Kings County, convicting defendant of the crime of grand larceny, first degree, reversed on the law and indictment dismissed. The findings of fact are affirmed. The indictment herein for larceny originally contained four counts, none of which charged the commission of the crime of grand larceny by fraud or pretense. During the examination of the first prosecution witness the People sought to elicit testimony tending to prove the commission of larceny by fraud and pretense. Upon objection by defense counsel that under section 1290-a of the Penal Law, this proof was inadmissible because the indictment did not charge the commission of such a crime, the prosecution moved to amend the indictment, pursuant to section 295-j of the Code of Criminal Procedure, to include an additional count charging the commission of the crime of grand larceny, first degree, by fraud and pretense and three other counts charging petit larceny by the same method. The trial court allowed the amendment, and prior to submitting the case to the jury dismissed all counts of the indictment, save that of grand larceny, first degree, by fraud and pretense, upon which count defendant was convicted. At common law, the court was powerless to amend an indictment, and in this State, if an indictment is to be amended, the amendment must be made according to the proof. (Code Crim. Pro., §§ 293, 295-j; *People* v. *Van Every*, 222 N. Y. 74, 78.) Authority to amend according

to the proof does not permit an amendment to conform to evidence which had not been introduced and which, according to the express prohibition of statute, could not have been introduced under the indictment as found by the grand jury. (Penal Law, § 1290-a; *People* v. *Hooter,* 282 App. Div. 398; *People* v. *Goyette,* 282 App. Div. 980; see, also, *Ex Parte Bain,* 121 U. S. 1; *People* v. *Miles,* 289 N. Y. 360; *People* v. *Bromwich,* 200 N. Y. 385; *People* v. *Geyer,* 196 N. Y. 364.) Nolan, P. J., Wenzel, Schmidt and Murphy, JJ., concur. Beldock, J., dissents and votes to affirm, with the following memorandum: In my opinion, an amendment "according to the proof" does not restrict an amendment as to the form of an indictment to a time after the proof is in. (*People* v. *Lewis,* 132 App. Div. 256.) Neither of the cases cited by the majority is authority to the contrary. In *People* v. *Hooter* (282 App. Div. 398, *supra*) the crimes charged in the indictment, burglary, first degree, and assault, second degree, were changed respectively to burglary, second degree, and assault, third degree. The new counts were not added to the old counts, which is the only practice authorized by section 295-j of the Code of Criminal Procedure; instead, they were substituted in place of the old counts. In *People* v. *Goyette* (282 App. Div. 980, *supra*), the amendment was granted on arraignment and not during trial. Furthermore, defendant was not prejudiced in his defense because he was afforded both by the District Attorney and the court an opportunity (1) for an adjournment; (2) to try the case before another jury; (3) to have a bill of particulars in amplification of the allegations in the new counts; (4) to have an inspection of the grand jury minutes to determine whether the evidence before that body was sufficient to substantiate the allegations of the new counts and whether the new counts related to the transaction upon which defendant had been indicted.