■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ANNIELLO ERCOLE, Also Known as "T", Respondent.— Appeal from an order of the County Court, Kings County, dismissing on the ground of double jeopardy an indictment for grand larceny in the first degree. Order affirmed on opinion of County Judge HYMAN BARSHAY (2 Misc 2d 1015). Wenzel, Acting P. J., Murphy and Hallinan, JJ., concur; Beldock, J., dissents and votes to reverse the order and to deny the motion to dismiss the indictment, with the following memorandum: On May 29, 1953 respondent was indicted, by long-form indictment, on four counts of common-law larceny — one count of grand larceny and three counts of petit larceny. None of the counts alleged that respondent made use of false or fraudulent representations in the course of accomplishing the various thefts. Under the circumstances, evidence of such representations could not be received over respondent's objection. (Penal Law, § 1290-a.) When the People sought to introduce such evidence during the course of the trial in November, 1953 respondent objected. Thereupon, acting pursuant to section 295-j of the Code of Criminal Procedure, the trial court permitted the People, over respondent's objection, to amend the indictment by adding four new counts, each the same as the four original counts, except that allegations of false pretense and fraudulent representation were included in the new counts. Respondent was thereafter found guilty only of count 5 (grand larceny in the first degree by false pretenses), the other 7 counts having been dismissed. The judgment of conviction was reversed by this court and the indictment dismissed

(*People* v. *Ercole*, 284 App. Div. 974). The dismissal of the indictment was affirmed by the Court of Appeals (*People* v. *Ercole*, 308 N. Y. 425) on the ground that the trial court was without statutory authority to grant the amendment of the indictment. On November 9, 1955 respondent was indicted for grand larceny in the first degree committed as a result of false·pretenses and fraudulent representations, the indictment being for the same crime charged in count 5 of the prior indictment, as amended at the trial. In March, 1956 respondent moved to dismiss the new indictment on the ground of double jeopardy. The motion was granted by the order from which the appeal is taken. In my opinion, the order should be reversed and the motion to dismiss the indictment denied for at least four reasons: (1) That the original indictment may have been valid is immaterial. When the original indictment was amended during the course of the trial to include count 5 (among others) charging grand larceny by false pretense and fraudulent representation, the indictment, insofar as it included count 5, was invalid because the court was without statutory authority to grant the amendment. (*People* v. *Ercole*, 308 N. Y. 425, *supra.*) Count 5 was the only one on which respondent was convicted. He was never placed in jeopardy on that count because the charge therein contained was not validly included in the indictment. No valid judgment could have been pronounced thereon, even though the facts adduced at the trial may have warranted it; (2) respondent was not acquitted on the merits. Count 5 of the amended indictment was dismissed "upon an objection to its form or substance" and, therefore, the dismissal may not be deemed an acquittal for purposes of double jeopardy (Code Crim. Pro., § 340). The objections to the conviction with respect to count 5 of the amended indictment were (a) that it was not found by a grand jury, and (b) that the court was without authority to grant the amendment, which are defects in substance. The dismissal with respect to count 5 of the amended indictment was only because it was defective and not because there was an acquittal on the merits; (3) The Court of Appeals in effect held that, insofar as count 5 was concerned, (a) the indictment was not "duly found", (b) the court was without jurisdiction to have rendered any valid judgment with respect to count 5, and (c) all prior proceedings with respect to count 5 were invalid. Under such circumstances, there can be no jeopardy, and (4) since respondent procured count 5 of the amended indictment to be quashed, he cannot now assert that he was in jeopardy under it. (*People ex rel. Weiner* v. *Warden of City Prison, Kings County*, 237 App. Div. 28.) Ughetta, J., concurs with Beldock, J.