Johk J. Walsh, J.
The defendant-petitioner previously petitioned for a writ of error coram nobis claiming that he was illegally sentenced as a third offender on November 21, 1949, for the reason that upon his plea of guilty to rape in the second degree as charged in a 1942 indictment he was sentenced to serve a term of nine months in the Oneida County Jail instead of a State prison and, therefore, the charge against him must have been a misdemeanbr. This petition was denied on April 18, 1961 without a hearing by order dated that day.
On the same day defendant-petitioner verified a petition to amend his previous application which second petition was duly received on April 19, 1961.
Since the former petition was denied after an opposing affidavit was filed by the District Attorney’s office and an order entered thereon, the present motion to amend defendant’s denied petition will be considered as a new petition upon the grounds stated therein.
Defendant-petitioner’s present claim is that he was illegally sentenced as a third offender in 1949 because the prior indictments in 1942 and 1943 were faulty and therefore null and void.
The defendant-petitioner relies upon the case of People v. Goyette (282 App. Div. 980), for the proposition that an indictment purporting to charge a defendant with the felony of rape in the second degree charges only a misdemeanor in the absence of an allegation that defendant was of the age of 21 years or over.
However correct that statement of law is, it has no relation whatever to defendant-petitioner.
*822 At the time the defendant-petitioner was indicted in 1942 and 1943, it was not necessary in an indictment for second degree rape, to set forth that the defendant was over the age of 21 years.
Statutory rape as defined by the Penal Law of the State of New York prior to April 1, 1950 provided: “ a person who perpetrates an act of sexual intercourse with a female, not his wife, under the age of eighteen years, under circumstances not amounting to rape in the first degree, is guilty of rape in the second degree ”.
The above provision of the Penal Law relating to rape in the second degree was amended by chapter 525 of the Laws of 1950, effective April 1, 1950, and as amended reads as follows: “ A person of the age of twenty-one years or over who perpetrates an act of sexual intercourse with a female, not his wife, under the age of eighteen years, under circumstances not amounting to rape in the first degree, is guilty of rape in the second degree ”.
It is clear from a reading of section 2010 of the Penal Law as amended, that after April 1, 1950 an indictment charging a defendant with rape in the second degree must include the allegation that he is over the age of 21 years; otherwise it would be charging a misdemeanor only. (People v. Burch, 281 App. Div. 348, 350 [4th Dept., 1953] ; People v. Goyette, 282 App. Div. 980 [1953].)
Since the 1942 and 1943 indictments were valid, defendant-petitioner was properly sentenced as a third offender.
There being no questions of fact raised, there is no necessity for a formal hearing.
Motion is in all respects denied and an order may be submitted in accordance herewith, and a copy thereof duly delivered to the petitioner herein at the place where he is incarcerated.