John J. Walsh, J.
The defendant-petitioner, presently incarcerated as a third felony offender, seeks again to vacate the judgment of conviction in February, 1944 for rape in the second degree (defendant’s second conviction).
1. The defendant’s first allegation is that the indictment charging him with the crime of rape in the second degree, charged and committed as a second offense does not set forth that the defendant was then over the age of 21 years.
This same contention was set forth in previous applications for a writ of error coram nobis by this defendant. These applications were denied by orders dated April 18, 1961 and May 26, 1961. (See People v. Farda, 28 Misc 2d 821.)
Not only is this allegation insufficient for the reasons set forth in the previous memorandum but is res judicata.
2. The defendant alleges that pursuant to section 275-b of the Code of Criminal Procedure, a previous felony conviction should not have been set forth in the indictment. Section 275-b of the code, which was enacted in 1957 is not retroactive and does not invalidate an indictment previously returned and disposed of by the court prior to the enactment of the new section. People v. Konono (9 N Y 2d 924) is not applicable except to the facts in that case. (See People v. Smith, 12 A D 2d 535.)
3. The defendant’s third allegation is that section 483-b “ prohibits charging carnally.” The purpose or meaning of this allegation or its materiality escapes the court’s comprehension.
4. The defendant’s fourth allegation is that he was not warned in 1944 before pleading that he would be sentenced as a second offender and receive a more severe sentence as a multiple offender. Section 335-b of the Code of Criminal Procedure was added by the Laws of 1959 and is not retroactive in effect and can have no bearing upon the proceedings against him in 1944.
5. Defendant alleges that the court failed to tell him that he could remain mute and have a jury trial as to whether he was a second offender. There is no merit to this contention.
Where a defendant was indicted as a second offender and apparently convicted as such, compliance with the provisions of section 1943 of the Penal Law is not required. (People v. Jackson, 272 App. Div. 859.) In any event, it is exceedingly doubtful that coram nobis is the proper remedy. (See People v. Shapiro, 3 N Y 2d 204.)
6. Defendant alleges that the time and place of the alleged crime are not set forth in the indictment. This allegation is without merit. A copy of the indictment submitted in opposition *46 shows that the crime is alleged to have occurred in the City of Utica on or about the 21st day of November, 1943.
7. The defendant contends that he should not have been sentenced as a second offender since his sentence as a first offender, imposed for rape, second degree, in 1942 was to a term of nine months in the county jail. There is no merit to this contention. A similar claim was made to this court in 1961 in an application denominated coram nobis but considered by the court as a ‘1 motion for resentence ’ \ In that application, defendant sought to be resentenced as a second offender or as a first offender on the same ground. In a memorandum, dated April 18,1961, this court denied the application, saying:
“ There is no question that rape in the second degree is a felony. (People v. Goyette, 282 App. Div. 980.)
“ The mere fact that defendant-petitioner was sentenced to the county jail instead of to a State Prison did not in and of itself convert the felony into a misdemeanor. Section 2 of the Penal Law of the State of New York, subdivision 6 defines a felony: “ a ‘ felony ’ is a crime which is or may be punishable by: 1. Death, or 2. Imprisonment in state prison. ’ ’
8. Defendant alleges that section 472 of the Code of Criminal Procedure was not complied with. In addition to being a procedural question, the minutes of the Oneida County Court submitted in opposition clearly indicate that defendant pleaded guilty to the indictment on February 7,1944 and was sentenced on February 21, 1944. Obviously at least two days elapsed between the conviction of the defendant for the crime charged, and the judgment imposing sentence.
9. Defendant alleges that the provisions of section 480 of the Code of Criminal Procedure were not complied with. This claim is not encompassed within the scope of coram nobis, 1 ‘ Assuming that the clerk of the court did not ask the defendant ‘ whether he have any legal cause to show, why judgment should not be pronounced against him ’, the question is: Does coram nobis lie? The answer is in the negative. A writ of error coram nobis may not be invoked to show an error of law apparent on the fact of the record. ’’ (People v. Sullivan, 3 N Y 2d 196,197.)
Since none of the grounds alleged in the petition are encompassed within the scope of coram nobis and no question Of fact exists upon which a hearing should be granted, the application is denied.