William W. Serra, J.
The defendant petitions this court for a writ of error coram nobis and for a hearing on the issues raised by his petition. The original petition, dated November 9, 1964, was amended December 10, 1964 and alleges certain procedural defects, four in number.
First, it is alleged in the petition that at the time of the arraignment of the defendant on May 22, 1959, for forgery second degree and petit larceny, the defendant, then indigent, was not advised of his right to assigned counsel. He further alleges that no investigation was made to determine if he was indigent. The record of this court on this arraignment is complete and includes a verbatim transcript of the proceedings up to the time of plea. The record .shows that the defendant, then 35 years old, with second year high school education, was advised of his right to counsel in the following manner:
by hr. eitzer: You are entitled to be represented by counsel now and at every stage of this proceeding. You are entitled to jury trial if you wish. it.
by the court: Do you have an attorney? A. No sir.
Q. Do you waive your right to have an attorney? A. Yes sir.
Q. Since the defendant has waived his right to attorney, do you also waive your right to a jury trial? A. Yes sir.
On the question of identity in determining whether the defendant was a third felony offender, the right to counsel was further explained to the defendant in the following language:
by the court: In connection therewith you are entitled to be tried before a jury as to whether or not you were previously convicted and you are entitled to be represented by counsel. Do you want an attorney in connection with whether or not you are a third offender? A. No sir.
Q. You waive the right to have an attorney? A. Yes.
Q. Do you want a jury trial as to whether or not you are the same person? A. No sir.
Q. You waive your right? A. Yes sir.
*305 The fact is undisputed and no testimony or hearing would serve to clarify the question as to whether the defendant was advised as to the right to have assigned counsel. The record clearly shows he was not so advised in such language, although as indicated above he was advised of a right to counsel and to have a jury trial and waived such rights. While certain opinions of the Supreme Court of the United States seem to indicate, without so holding, upon identical facts, that the right to assigned counsel implies the right to be informed of the potential of the assignment of counsel (Gideon v. Wainwright, 372 U. S. 335; Uveges v. Pennsylvania, 335 U. S. 437, 441; Escobedo v. Illinois, 378 U. S. 478), the Court of Appeals in this State has held in People v. Crimi (303 N. Y. 749) that the mere failure to advise of the right of assignment of counsel as distinguished from the right to counsel does not infringe upon the constitutional rights of a defendant. This case remains as authority binding on this court.
The second contention of the petitioner is that ‘1 your petitioner was brought into Court and arbitrarily pleaded guilty without even being informed of the seriousness of such a plea in regard to waiving trial by jury.” The term “ arbitrarily pleaded ’ ’ is conclusionary, not based on any allegation of fact and not any grounds for the granting of a hearing on the grounds sought. There never has been any requirement on any constitutional grounds known to this court which requires an instruction to any defendant that the waiving of a jury trial is a serious matter. The record on the instructions as to the right of a jury trial is stated above.
The third contention is that the defendant ‘1 was required to plead to the indictment before the Court without being informed and forewarned by the Court of the effect on his eventual sentence of his prior felony convictions.” It is urged that section 335-h of the Code of Criminal Procedure is merely a legislative enactment of existing law and its substance and effect were, therefore, the law prior to September 1, 1959 and on May 22, 1959, when this petitioner was arraigned. The petitioner's attorney cites People v. Gowasky (244 N. Y. 451 [1927]) and People ex rel. Carollo v. Brophy (294 N. Y. 540 [1945]) in support of his position.
In the Gowasky case Judge Chaste said (p. 465): “ The record fails to show that this was not entirely proper; we must assume that the plea taken was for the crime of which the defendants were guilty. It is insisted, however, that the defendants took a plea in the lower degree of crime, thinking thereby to receive a lighter sentence than if they had pleaded to burglary in the *306 third degree, and were thereupon unexpectedly sentenced to life imprisonment. District attorneys must be careful not to take a plea from a prisoner of a lesser degree of crime under circumstances which may lead him to believe that he is not to be dealt with as a second offender. This is fair to any man, no matter how bad he may be. The new crime charged against him must first be proved before he can be treated as a second offender. If he knowingly pleads guilty, this takes the place of proof, and he must stand the consequences of his previous bad record. Where there is any misunderstanding as to the circumstances under which a plea of guilty was taken, the judge might very well exercise his discretion, permit the pleas to be withdrawn and place the defendant on trial. All of which means that these laws are to be administered fairly on all sides, that they may accomplish the end which the Legislature had in view.” While the court said that it would be improper to take a plea for a lesser offense after representing that this would not result in his being treated as a second offender in fact the court held that in the absence of anything to show that there was a misrepresentation or fraud or duress against the defendants it must be presumed that the taking of a lesser plea within the same sentencing limits could only have been done because the lesser degree of the crime was in fact committed. This does not support petitioner’s contention.
In the Car olio case the court held that section 1699 of the Penal Law is intended as a restriction on the application of section 1942. In this case the defendant had been sentenced as a fourth offender to 15 years to life in a State prison. One of his previous crimes had been the crime of escape from the Leesburg Prison Farm in New Jersey. In this case it was held that the exclusion of the escape under section 1699 of the Penal Law applied and that the sentence was improper. The court said (p. 545): “ A person is entitled to unequivocal ■statutory warning of the fact that under existing law in this State (Penal Law, §§ 1941, 1942) a prior felony conviction will serve to increase the punishment for a subsequent felony. For that reason in the present case, where Penal Law section 1699 is the subject of interpretation, we give to its mandate ‘ that construction which operates in favor of life or liberty ’.” It is obvious that the warning referred to here is the statutory warning required by the provisions of section 1943 of the Penal Law as it then existed and has no reference to a nonstatutory warning antedating section 335-ib of the Code of Criminal Procedure.
*307 Prior to July 1, 1957 an indictment was required or permitted to contain allegations concerning the defendant’s prior convictions, but by the enactment of section 275-b of the Code of Criminal Procedure effective on that date reference to prior convictions was no longer permitted to be contained in the indictment. As a result therefore of the enactment of section 275-b of the Code of Criminal Procedure, the warning or notice which the defendant had previously received concerning the effect of prior convictions no longer applied. It was specifically to correct this lack of notice or warning that prompted the Law Revision Commission to recommend the enactment of section 335-b of the Code of Criminal Procedure (1959 Report of N. Y. Law Rev. Comm., pp. 489-506 [N. Y. Legis. Doc., 1959, No. 65 (M)]) which section was passed by the Legislature effective on September 1, 1959. This latter statute (Code Crim. Pro., § 335-b) appears to be the granting of a new protection to a person charged with crime rather than a codification of a previously existing right (People v. Schulman, 13 A D 2d 441 [1961]). That the protection afforded by section 335-b of the Code of Criminal Procedure is a new right of a criminal defendant is further evidenced by the case of People v. Farda (36 Misc 2d 44, 45 [1962]), wherein the court held that “ Section 335-b of the Code of Criminal Procedure was added by the Laws of 1959 and is not retroactive in effect and can have no bearing upon the proceedings against him in 1944.” (See, also, People ex rel. Schlesinger v. Fay, 19 A D 2d 632 [1963]; People v. Fink, 20 A D 2d 935, to the same effect as People v. Farda, supra.)
The fourth contention of the petitioner is that the court failed to advise him of his right to a two-day stay before sentencing. The court minutes of May 22, 1959, state: “ Defendant having waived a delay of at least two days in having sentence imposed, judgment is thereupon pronounced.” This argument is, therefore, without substance and clearly refuted on the record.
The petition is denied in all respects without a hearing.