UNITED STATES of America ex rel.
Maurice BROWN, Petitioner,

v.

The CITY OF NEW YORK and Henry J.
Noble, Warden, New York City
Penitentiary, Respondents.

United States District Court
S. D. New York.

April 20, 1965.

Maurice Brown, pro se.

Frank D. O'Connor, Dist. Atty. of Queens County, Kew Gardens, N. Y., for respondents; Eugene Feldman, Asst. Dist. Atty., of counsel.

WEINFELD, District Judge.

Upon his previously entered plea of guilty to the misdemeanors of unlawful entry and attempted petty larceny, petitioner was sentenced to the New York City Penitentiary for an indeterminate term, not to exceed three years. He now seeks his release upon a claim that he was denied due process of law when, at the time of pleading, the Court failed to inform him that such a sentence could be imposed under Article 7–A of the Correction Law,[1] rather than a one year maximum term (on each count) under the Penal Law.[2]  Having unsuccessfully

1. N.Y. Correction Law, McKinney's Consol.Laws, c. 43, §§ 200–203.

2. N.Y. Penal Law, McKinney's Consol. Laws, c. 40, § 1937.

raised the issue in the state courts, he seeks relief by way of Federal habeas corpus.

 Save in circumstances not here relevant,[3] there is no requirement in New York that, prior to acceptance of a plea, the Court instruct an accused concerning applicable penalties, nor does the due process clause ordinarily impose any such requirement.[4] It is enough that, understanding the nature of the charge, he pleads guilty voluntarily because he is guilty. This is not a case of a youthful, inexperienced defendant without benefit of counsel who enters a plea and is unaware of the range of permissible penalties or is misled or misinformed as to them. Petitioner had considerable prior experience with the criminal law; both at the time of pleading and later at sentence he was represented by privately retained counsel. At the time of sentencing his lawyer acknowledged that petitioner, originally charged with a felony, "was given a rather considerable break in being permitted to plead to these charges." Petitioner does not allege that the Court, counsel or the prosecutor misinformed him as to the possible range of punishment.[5] In these circumstances, it cannot be said that he was deprived of due process when he was permitted to plead without a statement by the Court concerning the applicability of Article 7–A of the Correction Law.

■ Respondents interpret petitioner's papers as raising an additional ground for relief: that he was sentenced to a reformatory-type sentence without benefit of a presentence report. Under Section 931 of New York's Code of Criminal Procedure, such a report is only discretionary, and a reformatory sentence may be imposed without one.[6]

The petition is denied.

---

3. See N.Y.Code Crim.Proc. §§ 335–a (traffic violations), 335–b (multiple offender situations). The purpose of the former provision is to prevent a perfunctorily entered plea from depriving an accused of substantial rights; of the latter, to enable him to challenge the existence or validity of former convictions.

4. See Fed.R.Crim.P. 11. Cf. Workman v. United States, 337 F.2d 226, 227 (1st Cir. 1964); Pilkington v. United States, 315 F.2d 204, 209–210 (4th Cir. 1963); Petition of Lee, 232 F.Supp. 415 (E.D.N.Y. 1964).

6. People ex rel. Thompson v. Noble, 231 F.Supp. 188 (S.D.N.Y.1964). See Fed.R. Crim.P. 32(c); United States v. Schwenke, 221 F.2d 356 (2d Cir. 1955).