■ The People of the State of New York, Respondent, v. George W. Murray, Appellant.— Order unanimously affirmed. Memorandum: The defendant was resentenced on March 9, 1964 as a second felony offender. At that time he was advised of all his rights in accordance with section 335-b of the Code of Criminal Procedure. He was not advised of his right to contend that the first felony conviction was unconstitutionally obtained. Section 1943 of the Penal Law was amended (L. 1964, ch. 446, eff. April 10, 1964) to provide that " An objection that a previous conviction was unconstitutionally obtained may be raised at this time and the court shall so inform the person accused." Thus the provisions requiring such notification were not in effect at the time of the sentence, and the defendant was given all information and advice that the statute at that time provided. We agree that the statute as it relates to unconstitutionality is retroactive as to the right to raise the question of constitutionality of a prior conviction (*People* v. *Cornish*, 21 A D 2d 280). However, the right to be so informed did not arise until April 10, 1964, and the failure so to inform the defendant was not a failure of due process which would give rise to the right to be resentenced only because of such failure. This does not mean that

the defendant may not obtain relief in an appropriate proceeding if he can prove an unconstitutional deprivation. (Appeal from order of Monroe County Court denying, without a hearing, motion to vacate a judgment of conviction for forgery second degree, and petit larceny, rendered March 9, 1964, and for resentence.) Present — Williams P. J., Bastow, Goldman, Henry and Marsh, JJ.