**UNITED STATES ex rel. James A. THOMAS, Petitioner,**

v.

**John T. DEEGAN, Warden, Sing Sing Prison, Ossining, New York, Respondent.**

**No. 68 Civil 813.**

United States District Court
S. D. New York.

April 3, 1968.

---

James A. Thomas, pro se.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, for respondent, Mortimer Sattler, Asst. Atty. Gen., of counsel.

## OPINION

WEINFELD, District Judge.

The petitioner, James A. Thomas, upon his conviction of felonious possession of narcotics after a trial to the court without a jury in the Supreme Court, New York County, was sentenced on June 3, 1966 to a prison term of from five to ten years as a multiple felony offender. The judgment of conviction was affirmed by the Appellate Division,[1] and leave to appeal to the Court of Appeals was denied. Thereafter, the sentence was reduced to a term of from three to six years, based upon a successful challenge by petitioner to his multiple offender status.

The petitioner here attacks his judgment of conviction as constitutionally void for violation of his federally protected constitutional rights upon various grounds, including (1) his arrest without a warrant; (2) denial of due process of law based upon assertions that the state fact-finding procedure was not adequate to afford a full and fair hearing, that he did not receive a full and fair hearing, and that the material facts were not adequately developed at the state court hearing, and (3) the evidence was insufficient to sustain a conviction.

The court has reviewed the record of the state proceedings and finds the alleged violations of constitutional rights are without substance.

It appears that a New York City detective received information from a confidential informant, whose reliability had been established in a substantial number of cases, that a man of dark complexion and bulging eyes, wearing a three-

---

1. People v. Thomas, 27 App.Div.2d 987, 281 N.Y.S.2d 727 (1st Dep't 1967).

quarter length jacket, would pick up a large quantity of narcotics at 112 West 118th Street, New York City, located within an area known to the detective to have the highest incidence of narcotics traffic. The officer and his partner promptly proceeded to the area, where soon an individual answering that description, one Charles Thomas (not the petitioner herein) was observed by them in front of the premises, 112 West 118th Street. Within several minutes James Thomas, the petitioner, was seen to emerge from the premises, converse with Charles Thomas, to whom petitioner handed a brown paper bag, which Charles Thomas then placed in his righthand coat pocket. Immediately thereafter, Detective Dunn arrested Charles Thomas, searched him and seized the brown paper bag, which Dunn identified as the one petitioner had handed to Charles Thomas, and which was found to contain narcotics. Petitioner thereupon was also arrested by Detective Dunn's partners.

The petitioner's claim of unlawful arrest without a warrant is predicated upon a claim that the search of Charles Thomas and the seizure of the narcotics found on his person were illegal and, absent the seized narcotics, there was no probable cause for petitioner's arrest without a warrant.

█ Petitioner moved in the state court to suppress the seized narcotics.[2] An evidentiary hearing was held at which Detective Dunn testified. Petitioner and witnesses called by him challenged

Dunn's version that petitioner had handed over the brown paper bag to Charles Thomas, as well as his testimony as to other events preceding the arrests. The court resolved the conflict in testimony in favor of the state's witnesses. The court further found there was probable cause for the arrest of Charles Thomas and that the incidental search of his person and the seizure of the narcotics were justified. Accordingly, petitioner's motion to suppress was denied. The determination finds abundant support in the record. It establishes that, based upon the information received from the informant, plus the observations by the detectives of petitioner and his codefendant and their acts and conduct preceding the arrests, there was probable cause to believe that both were then and there engaged in a violation of the state's narcotics laws, and the arrest of each without a warrant was lawful, and that the motion to suppress was properly denied.[3] The narcotics were admitted in evidence upon petitioner's trial.

The issue of credibility presented by the conflict in the versions of the state's and the petitioner's witnesses upon the suppression motion was resolved against him, first by one State Supreme Court Justice, and again, upon the subsequent trial, by another justice when he was found guilty. A reading of the record of both proceedings abundantly establishes that the respective determinations by the State Supreme Court Justices rest upon substantial evidence.

2. In that proceeding the state contended that petitioner was without standing to challenge the use of the narcotics in evidence against him because they were seized not from him, but from his codefendant. However, since the state charge against petitioner was felonious possession of narcotics under former N.Y. State Penal Law § 1751 (now N.Y. State Penal Law, McKinney's Consol. Laws, c. 40, § 220.10–.40), it would appear that this possessory charge confers standing upon petitioner. See Jones v. United States, 362 U.S. 257, 261–63, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). See also United States ex rel. Coffey v. Fay, 344 F.2d 625, 629 (2d Cir. 1965), where

our Court of Appeals held, "The State may not arrest, search, and prosecute a defendant on the theory that he is in possession of stolen property, and then object that the property was actually found on the person of a companion when the defendant moves to prevent use of the property as evidence against him." Cf. United States ex rel. DeForte v. Mancusi, 379 F.2d 897 (2d Cir. 1967).

3. See McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); United States v. Draper, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). Cf. United States ex rel. Coffey v. Fay, 344 F.2d 625, 629–31 (2d Cir. 1965).

The question of whether defendant had knowing possession of narcotics was for the trier of the fact. The evidence was sufficient to support a finding of actual physical possession by the defendant when he handed over the narcotics to the codefendant.

Attacks based upon the insufficiency or weight of evidence are matters to be presented upon direct appeal, and the federal writ of habeas corpus is not available to review such questions.[4] It is only when the record is devoid of any evidence to support the findings or the conviction that it is subject to constitutional attack for alleged violation of a defendant's right to due process of law.[5] Such is not the case here.

Petitioner's remaining and assorted allegations of deficiency in the state fact-finding procedure and of denial of a full and fair hearing (culled almost verbatim from Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)) are conclusory and without evidential support; indeed, the claims are negatived by the record, which indicates petitioner was accorded full and fair hearings on the contested issues, both on the motion to suppress and the trial proper, at which he was represented by counsel of his choice.[6] As this court has stated: "Merely culling language from Federal and state authorities, as petitioner has done, will not satisfy the requirement that serious charges have some basis in fact."[7]

The petition is dismissed.

---

4. Gemmel v. Buchkoe, 358 F.2d 338 (6th Cir.), cert. denied, 385 U.S. 962, 87 S.Ct. 402, 17 L.Ed.2d 306 (1966); Trujillo v. Tinsley, 333 F.2d 185 (10th Cir. 1964); United States ex rel. Jenkins v. Follette, 257 F.Supp. 533 (S.D.N.Y.1965); United States ex rel. Reina v. New York State Division of Parole, 238 F.Supp. 263, 265 (S.D.N.Y.1965).

5. Shuttlesworth v. City of Birmingham, 382 U.S. 87, 94–95, 86 S.Ct. 211, 15 L. Ed.2d 176 (1965); Garner v. State of Louisiana, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961); Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960).

6. See Johnson v. Zerbst, 304 U.S. 458, 469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); United States ex rel. Weiss v. Fay, 232 F.Supp. 912 (S.D.N.Y.1964).

7. United States ex rel. Best v. Fay, 239 F.Supp. 632, 634 (S.D.N.Y.1965), aff'd on opinion below, 365 F.2d 832 (2d Cir. 1966).