UNITED STATES of America ex rel. James TOLAND, Jr., Petitioner,

v.

William PHIMISTER, Warden of the County Jail of Westchester County, Valhalla, New York, Respondent.

No. 68 Civ. 4379.

United States District Court
S. D. New York.

Feb. 27, 1969.

James Toland, Jr., pro se.

Louis J. Lefkowitz, Atty. Gen., of State of New York, New York City, for respondent; Hillel Hoffman, Asst. Atty. Gen., of counsel.

EDWARD WEINFELD, District Judge.

Petitioner, currently confined to a New York State institution upon one charge, and against whom a detainer warrant has been filed on another for parole violation, seeks by way of a federal writ of habeas corpus to vacate the judgment of conviction underlying the detainer. The challenged judgment was entered in 1956 in the Schenectady County Court upon his plea of guilty to the crimes of grand larceny in the first degree and burglary in the third degree. He was sentenced on February 28, 1956, as a second felony offender to concurrent terms of five to fifteen years. He was represented upon the entry of the guilty plea and at the time of sentence by an attorney.

In November, 1965, petitioner applied in the state courts for a writ of error coram nobis on the ground that when he pled guilty in 1956 he was not aware and was not advised that the punishment could be increased as a second offender, and had he been so advised he would not have pled guilty. He also alleged that his attorney had informed him he could not be sentenced to more than ten years, and finally he claimed that the increased sentence as a multiple offender constituted a cruel and unusual form of punishment. His petition was denied on February 1, 1966 by the judge who had originally sentenced him; the denial was affirmed on appeal in October, 1967, and leave to appeal to the Court of Appeals was denied in August, 1968. The application in the state court challenging the judgment of conviction was not made until after petitioner had served eight years of his sentence, and only after his attorney had died.

The petition to this court makes substantially the same claims that were

presented to the state court and there rejected, and in addition abounds with conclusory allegations of "coercion," "fraud" and a "denial of fair play and justice," as to all of which there is not the slightest evidential support. As this court has stated: "Merely culling language from Federal and state authorities, as petitioner has done, will not satisfy the requirement that serious charges have some basis in fact." United States ex rel. Best v. Fay, 239 F. Supp. 632, 634 (S.D.N.Y.1965), aff'd on opinion below, 365 F.2d 832 (2d Cir. 1966), cert. denied, 386 U.S. 998, 87 S. Ct. 1319, 18 L.Ed.2d 347 (1967); cf. United States ex rel. Thomas v. Deegan, 282 F.Supp. 344, 347 (S.D.N.Y.1968); United States v. Johnson, 269 F.Supp. 767, 769 (S.D.N.Y.1967). See also United States ex rel. White v. Fay, 349 F.2d 413, 414 (2d Cir. 1965); United States ex rel. Marinaccio v. Fay, 336 F.2d 272, 274 (2d Cir. 1964); United States ex rel. Diblin v. Follette, 268 F.Supp. 674, 680 (S.D.N.Y.1967).

■ The petitioner's allegation that his attorney assured him he could not be sentenced to more than ten years and did not advise him of a possible increased term because of his prior conviction cannot, of course, be challenged by the state, since the attorney had died when the petitioner brought his state coram nobis proceeding. However, assuming arguendo that the allegation is factually true, it is without federal constitutional substance, since there is no showing of any fraudulent or overreaching conduct by the court or prosecution that induced the guilty plea. United States ex rel. Piracci v. Follette, 284 F.Supp. 267, 269 (S.D.N.Y.1968); United States ex rel. Finn v. Klein, 271 F.Supp. 513, 515 (S.D.N.Y.1967). So, too, the failure of the court or prosecution to advise the defendant that a multiple offender is subject to an increased sentence does not require intervention by a federal court. At the time petitioner entered his plea, New York State did not require that a multiple offender be advised before the acceptance of a guilty plea that an increased penalty could result. Such a statute was enacted in 1959, N.Y.Code Crim.Proc., section 335–c, and was in effect when petitioner filed his coram nobis proceeding. The state courts have declined to apply it retroactively. People ex rel. Diaz v. Follette, 29 A.D.2d 771, 287 N.Y.S.2d 787, 788 (2d Dep't 1968); People v. Murray, 25 A.D.2d 948, 270 N.Y.S.2d 674, 675 (4th Dep't 1966); People ex rel. Schlesinger v. Fay, 19 A.D.2d 632, 632–633, 241 N.Y.S.2d 187, 189 (2d Dep't), motion for leave to appeal denied, 13 N. Y.2d 596, 243 N.Y.S.2d 1026, 193 N.E.2d 645 (1963). However, apart from the state's statutory requirement, there was no federal constitutional right that a defendant entering a voluntary plea when represented by counsel be advised by the court or prosecution of the permissible sentence that can be imposed. While such a course is desirable as a matter of procedure and to safeguard against claims such as here presented, the failure to give the state's statutory warning does not by itself violate petitioner's federal right to due process of law. Petitioner was fully advised of the nature of the charge; he was represented by counsel; the plea was entered freely and voluntarily, and the alleged lack of knowledge of a permissible increased penalty because petitioner was a recidivist is not sufficient to void the plea. Cf. United States ex rel. DeBerry v. Follette, 395 F.2d 686, 688 (2d Cir. 1968); United States ex rel. D'Ambrosio v. Fay, 349 F.2d 957, 962 (2d Cir.), cert. denied, 382 U.S. 921, 86 S.Ct. 301, 15 L.Ed.2d 235 (1965).

■ Finally, equally without substance is the claim that a sentence imposed for the two crimes, grand larceny in the first degree and burglary in the third degree, of five to fifteen years to run concurrently, is cruel and unusual punishment. Carlesi v. People of State of New York, 233 U.S. 51, 58, 34 S.Ct.

576, 58 L.Ed. 843 (1914); People v. Gowasky, 244 N.Y. 451, 155 N.E. 737, 58 A.L.R. 9 (1927); *cf.* United States ex rel. Bryant v. Fay, 211 F.Supp. 812, 814 (S.D.N.Y.1962).

The petition is dismissed.