UNITED STATES of America ex rel. Lewis Alexander **BROOKS,** Relator-Appellant,

v.

Daniel McMANN, Warden of Clinton Prison, Dannemora, New York, Respondent-Appellee.

No. 375, Docket 32645.

United States Court of Appeals Second Circuit.

Argued Feb. 17, 1969.

Decided March 19, 1969.

Joel Ziegler, Hicksville, N. Y., Matthew Muraskin, James J. McDonough, Mineola, N. Y., for relator-appellant.

Arlene R. Silverman, Deputy Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., for respondent-appellee.

Before WATERMAN and FRIENDLY, Circuit Judges, and POLLACK, District Judge.*

WATERMAN, Circuit Judge:

Appellant Lewis Alexander Brooks petitioned the federal court below for a writ of habeas corpus on the ground that his guilty plea to a state charge of third degree burglary was involuntary. He alleges that at the time the New York State trial court accepted the guilty plea he had not been warned that he was thereby subjecting himself to possible additional punishment as a multiple offender. The petition was dismissed. We affirm the dismissal order.

Brooks originally pleaded not guilty to the burglary charge and his trial began in Nassau County, New York, in September 1956. After the People's case against him had been presented, and after then consulting with his lawyer who had represented him throughout the proceedings, appellant changed his not guilty plea to one of guilty. When he appeared for the imposition of sentence on the guilty plea he continued to be represented by counsel and counsel was present when appellant was then arraigned on a district attorney's information charging him with having been convicted of three prior felonies. Brooks was then adjudged a multiple offender and, as a recidivist, was sentenced to a term of ten to twenty years in state prison. In 1967 appellant was resentenced *nunc pro tunc* to the same term as a second offender after the prosecutor agreed that a predicate Wisconsin conviction may have been improperly charged in the multiple offender information.

Prior to the filing of the present petition appellant, while serving the multiple offender sentence, had been for a time on parole, but was declared to be a parole violator in 1965 when he was sentenced in Bronx County, New York to a term of four months imprisonment. Having been returned to state prison he is now

* Of the Southern District of New York, sitting by designation.

serving the remainder of his original sentence.

Appellant claims that the court's failure to warn him that he could be sentenced as a recidivist prior to accepting his plea was a violation of due process. In view of the lack of prior authoritative decisions dealing with the claim, resolution of it is not as easy as would first appear, but we do have some guidance from the United States Supreme Court. Appellant Crabtree in Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) and appellant Graham in Graham v. State of West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912) challenged their recidivist sentences imposed after guilty pleas. In both instances their challenges were of no avail and the sentences were upheld. Nevertheless, in neither of these cases was the Court presented with the precise question we face. Crabtree attacked his sentence on the ground that he was not given adequate notice of the recidivist charge prior to the sentencing and it was his claim that this failure prevented him from preparing an adequate challenge to a prior predicate conviction and denied him an opportunity to challenge the State's representation that he was a recidivist, whereas Brooks does not deny the existence of his prior convictions but challenges the court's failure to acquaint him with the consequences to him of pleading guilty to the crime he was then charged with having committed. Similarly, in *Graham*, the challenge was directed to the legality of recidivist treatment, not to the voluntariness of Graham's guilty plea to the crime he was charged with having committed.

 The Supreme Court established a long time ago that when a federal trial judge accepts a guilty plea as one voluntarily entered he must be concerned enough to be careful that the defendant after proper advice is fully aware of its possible consequences. Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). Special judicial attention is to be given to those defendants who plead guilty without the assistance of counsel, for in such situations the pleader's ignorance of the consequences is much more likely. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), United States v. Lester, 247 F.2d 496 (2 Cir. 1957). But even if due process requires that an accused be aware of possible recidivist treatment prior to a judge's acceptance of the accused's plea[1] it should not always be necessary that such information be given the accused by the court for it is obvious that if the accused knew from any other source of the possible consequences to him of a guilty plea there would be no violation of due process if the court failed to convey the information. In the present case Brooks does not allege in his habeas petition that he was ignorant of the consequences of his guilty plea; his only claim that due process was denied him is that he was not told of the consequences by the trial court.[2]

---

1. There appears to be a split in the authorities as to the amount of information an accused is entitled to receive prior to an acceptance of a guilty plea. E. g., compare Trujillo v. United States, 377 F.2d 266 (5 Cir.), cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967) with Munich v. United States, 337 F.2d 356, 361 (9 Cir. 1964), which reach opposite conclusions on the question of whether a federal accused need be advised of the unavailability of parole prior to accepting a plea. See also Bailey v. MacDougall, 392 F.2d 155 (4 Cir.), cert. denied, 393 U.S. 847, 89 S.Ct. 133, 21 L.Ed.2d 118 (1968); Kotz

v. United States, 353 F.2d 312 (8 Cir. 1965); Note, "Recidivist Procedures," 40 N.Y.U.L.Rev. 332, 345–347 (1965). But see United States ex rel. Brown v. City of New York, 240 F.Supp. 387 (S. D.N.Y.1965); United States ex rel. Swingle v. Rundle, 204 F.Supp. 114 (E. D.Pa.1962), aff'd, 318 F.2d 64 (3 Cir. 1963).

2. The only time the appellant has claimed he was ignorant of the possibility of recidivist treatment was in testimony near the close of a state habeas corpus hearing. Even there, however, there was no corroborating evidence from his attorney.

The circumstances here demonstrate that appellant knew the consequences that would follow after his plea. First and foremost, Brooks had counsel at each stage of the state criminal proceedings, and it is reasonable to assume that his counsel advised him of the consequences of his plea. Certainly the lack of any affidavit from his attorney that the attorney did not discuss these consequences with him weighs heavily against the petitioner. United States ex rel. Homchak v. People of State of New York, 323 F.2d 449, 450 (2 Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964). Also the petitioner was no stranger to the criminal courts. He had been convicted of other felonies, two of which were New York convictions. Finally, it is noteworthy that he was not astonished or dismayed when the recidivist charges were brought against him after his plea had been entered, nor did he try to withdraw his guilty plea at that time. Indeed, his sincerity or good faith in instituting the present petition is extremely questionable for he has brought it only after a ten year lapse and then only after an intervening period of parole and a return to prison as a parole violator. See United States ex rel. McGrath v. LaVallee, 348 F.2d 373, 377 (2 Cir. 1965), cert. denied, 383 U.S. 952, 86 S.Ct. 1214, 16 L.Ed.2d 214 (1966). Indeed, the allegation of a due process violation is not supported with a statement of facts sufficient to require a hearing, and the district court correctly dismissed the petition without holding one. See the excellent opinion of Judge Weinfeld in United States ex rel. Brown v. City of New York, 240 F.Supp. 387, 388 (SDNY 1965).

The petitioner presents an alternative basis for relief to his claim of due process deprivation. In 1956 New York had a statute which provides that one accused of a traffic offense must be warned, before a guilty plea may be accepted, that his operator's license can be taken away from him if he is or becomes a multiple offender. Petitioner claims he was denied equal protection of the law by the fact that New York had not made a similar provision until 1959 requiring that a judicial warning be given persons accused of more serious crimes.[3] This claim is wholly without merit. We do not have here a discriminatory situation where the legislature conferred an arbitrary benefit on one class of offenders and discriminated against other offenders for a reason unrelated to a proper government objective. Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957); Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954). Rather, in passing the law relative to traffic violators New York had the sound and proper objective of warning the class of persons who normally enter perfunctory pleas of guilty to traffic offenses that more than a fine might follow after such perfunctory pleas. Surely it was not improper to single out the class of traffic violators for this particular treatment for the members of that class rarely have counsel and rarely are aware that any further disadvantages to them might follow upon guilty pleas. Assuming that prior to 1959 (see footnote 3 *supra*) New York might have found it desirable to pass a statute requiring its judges to warn all defendants that a more severe punishment could follow a guilty plea if one were a recidivist it is not a violation

---

3. Three years after the conviction of this appellant New York amended its Code of Criminal Procedure to provide that a warning of possible recidivist treatment must be given any accused prior to accepting a guilty plea (§ 335–c, formerly § 335–b, effective September 1, 1959). The New York courts have held that the statute is not retroactive. People ex rel.

Schlesinger v. Fay, 19 A.D.2d 632, 241 N.Y.S.2d 187 (2d Dep't), leave to appeal to Court of Appeals denied, 13 N.Y.2d 596, 243 N.Y.S.2d 1026, 193 N.E.2d 644 (1963); People v. Fuller, 45 Misc.2d 303, 256 N.Y.S.2d 403, 406 (Alleghany Co. Court 1965); People v. Farda, 36 Misc.2d 44, 45, 231 N.Y.S.2d 377, 379 (Oneida Co. Court 1962).

of the equal protection clause for the legislature to have first given attention to a class of violators most likely to enter guilty pleas perfunctorily, hastily, and without counsel.

The order below dismissing without a hearing the petition for the issuance of the writ is affirmed.