**UNITED STATES of America ex rel. Richard F. SNIFFEN, Appellant,**

v.

**Hon. Harold W. FOLLETTE, as Warden of Green Haven State Prison, Stormville, New York, Appellee.**

No. 375, Docket 35365.

United States Court of Appeals, Second Circuit.

Argued Jan. 12, 1971.

Decided March 18, 1971.

challenges the validity of his 1958 guilty pleas and subsequent sentencing for first degree burglary and first degree assault in the Westchester County Court, New York. Sniffen's sole ground for complaint is that he was unaware until after sentencing that under then Section 1944 of the New York Penal Law, McKinney's Consol.Laws, c. 40, he might be sentenced to a term of imprisonment (a minimum of five years and a maximum of ten) greater than that otherwise prescribed for first degree assault and burglary if at the time he committed either of those felonies he was "armed with a pistol." It is undisputed that five to ten years of the 7½ to 20 year prison term to which Sniffen was sentenced for the assault was imposed pursuant to the supplemental penalty of Section 1944.[1]

Sniffen argues that his ignorance of the Section 1944 penalty renders his guilty plea involuntary and hence constitutionally infirm, citing, *inter alia,* Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927) and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), for the proposition that a guilty plea is invalid unless entered with a sufficient understanding of the consequences. Additionally, Sniffen asserts that he was compelled to incriminate himself in violation of his right to due process of law under the Fourteenth Amendment, see Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), when he naively responded to an inquiry by the sentencing judge, without realizing the implications of his answer, and admitted that he had indeed been armed with a loaded pistol at the time he committed the assault.[2]

Stuart A. McKeever, Port Chester, N. Y., for appellant.

Robert S. Hammer, Asst. Atty. Gen. (Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for appellee.

Before WATERMAN, Senior Circuit Judge and FRIENDLY and KAUFMAN, Circuit Judges.

## PER CURIAM:

Sniffen, appealing from the denial of his petition for a writ of habeas corpus,

■ We express no opinion as to the legal implications if the record were different, but we affirm the district court

---

1. The maximum term for assault without a gun was ten years. Sniffen's additional sentence of ten to twenty years imprisonment for the burglary was suspended.

2. Sniffen pleaded guilty to two of eleven counts contained in an indictment that charged several crimes, including rape and sodomy, substantially more serious than burglary and assault. The other nine

because we believe that Sniffen has failed to show that Judge Coyle, who presided at both the plea and sentencing proceedings, did not warn Sniffen on both occasions of the import to him of Section 1944. In a deposition taken September 10, 1968, Judge Coyle quite understandably testified that he could not recall the details of Sniffen's plea or sentencing of a decade earlier. Thus, he could not say positively that he had assured himself that Sniffen understood that an additional penalty under Section 1944 would be possible. Judge Coyle did testify, however, that it was his invariant practice in "every case" of this type to do so, both at the plea proceeding and at sentencing. Moreover, Judge Coyle believed that he would have taken special pains to follow his usual careful practice in Sniffen's case, which had been unusually controversial. In sum, Judge Coyle could "not conceive" that Sniffen was not advised of Section 1944's supplemental penalty.

No testimony before the district court, besides Sniffen's, casts doubt upon Judge Coyle's confidence that Sniffen was warned. Time had blurred the memories of the counsel who represented Sniffen and of the prosecutors who were present at the plea proceeding and sentencing. None of these witnesses below testified either that Judge Coyle had adhered to his customary procedure, or that he had neglected to do so. The decisive events cannot be more accurately reconstructed, for the minutes of the plea and sentencing hearings have been destroyed in due course.

■ On such a record, inevitably eroded by Sniffen's long delay in bringing this proceeding (his petition was filed in June, 1967), we would unjustifiably jeopardize every distant and musty guilty plea were we to accept Sniffen's version of the facts. Judge Coyle was as certain as he reasonably and honestly could be that Sniffen was warned. Other memories and other records are blank. It was in Sniffen's hands to avoid these uncertainties by seeking far sooner than he did to overturn his plea and sentencing. Moreover, his protracted dalliance and lack of apparent surprise at the time he was sentenced by Judge Coyle independently buttress our finding that Sniffen was informed at the plea proceeding and again at sentencing of the possible consequences to him of Section 1944. See United States ex rel. Brooks v. McMann, 408 F.2d 823, 825 (2d Cir. 1969); United States ex rel. McGrath v. LaVallee, 348 F.2d 373 (2d Cir. 1965), cert. denied sub nom. McGrath v. McMann, 383 U.S. 952, 86 S.Ct. 1214, 16 L.Ed.2d 214 (1966).

Affirmed.

counts and also two other indictments filed against Sniffen, all arising out of a single criminal episode, were dismissed in exchange for his guilty pleas.

The assault count to which Sniffen pleaded guilty specified that the assault was committed with "a loaded revolver." Sniffen does not claim ignorance of this allegation. See Moore v. United States, 425 F.2d 1290 (1970), cert. denied, 400 U.S. 846, 91 S.Ct. 91, 27 L.Ed.2d 83 (1970) (knowing and voluntary plea of guilty constitutes admission of facts alleged in indictment). Thus, Sniffen misplaces his reliance on Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), which concerned a defendant improperly sentenced under the Colorado Sex Offenders Act without a hearing on the basis of "a new finding of fact * * that was not an ingredient of the offense charged." Id. at 608, 87 S.Ct. at 1211.