In the Matter of ROGER B. SOVOCOOL, as District Attorney of the County of Tompkins, Respondent, against MICHAEL DAVID, Appellant.

Third Department, February 14, 1959.

*John Lo Pinto* for appellant.

*Roger B. Sovocool,* as *District Attorney,* respondent in person.

REYNOLDS, J. On November 15, 1958 Michael David and seven other men were arrested in Ithaca, Tompkins County, charged with the violation of section 973 of the Penal Law, a misdemeanor involving the keeping of gaming and betting establishments. Two days later the defendant David appeared with counsel and demanded a speedy trial. On November 24 the City Court Judge, before whom the case was pending, ordered a jury drawn and set December 2 as the trial date. On November 26 the District Attorney moved for an adjournment, pursuant to section 59 of the Code of Criminal Procedure, in order that he might present the cases to a Grand Jury. The granting of this motion under the section is mandatory. The City Court Judge, however, erroneously denied the motion on the ground that it would prejudice the defendants' right to a speedy trial. The District Attorney then petitioned the County Court for an order prohibiting the City Court from continuing to assume jurisdiction of the eight cases. The County Court ordered " that the said application of the District Attorney be, and the same is hereby granted pursuant to the provisions of § 59 of the Code of

Criminal Procedure ". The County Court has no power or authority to make such an order. With this factual background the defendant David appeals. If this was an order in a criminal case the appeal would have to be dismissed on the ground that this court has no jurisdiction of an appeal from the County Court order because sections 517–518 of the Code of Criminal Procedure prohibit appeals from intermediate orders in criminal cases. (*People* v. *Fay,* 268 App. Div. 135; *People* v. *Gersewitz,* 294 N. Y. 163; *People* v. *Grubbs,* 1 A D 2d 1035.) But in our view, despite any label attached by the County Judge, this was an application for an order of prohibition which is a civil order and appealable under section 622 of the Civil Practice Act. Since the County Court has no jurisdiction of an article 78 proceeding (see Civ. Prac. Act, § 1287), he had no power or authority to make the order herein, and it must be reversed.

Although the reversal of the order on this ground is conclusive of the case, and we could stop here, there are certain questions which have arisen which should be discussed. Appellant contends that the second paragraph of section 59 of the Code of Criminal Procedure which reads as follows: "If the district attorney, before commencement of the trial of any charge of misdemeanor, moves for the adjournment of the proceeding for the purpose of presenting the charge to the next grand jury, the court shall adjourn the hearing and determination of the charge until the discharge of the next grand jury" is not mandatory but adjournment is in the discretion of the court having original jurisdiction. It might be well to review the removal sections 57, 58 and 59 of the code. Section 57 provides that proceedings before the Magistrate shall be stayed upon filing with him a certificate of a County Judge or Supreme Court Justice "that it is reasonable that such charge be prosecuted by indictment" and requires the District Attorney to present the charge to the Grand Jury after filing of the certificate. Section 58 provides that the Magistrate must adjourn a case for not less than 5 and not more than 10 days if the defendant requests the presentation of the charge to the Grand Jury, in order to allow the defendant to procure a section 57 certificate. In *People ex rel. Kohut* v. *Hendrickson* (249 App. Div. 528, affd. 276 N. Y. 563), the Second Department held that only the accused and not the District Attorney could apply for the section 57 certificate and thus divest the Special Sessions of jurisdiction. Section 59 provides that the presentment of an indictment by a Grand Jury shall divest Courts of Special Session, Police Courts and City Courts of jurisdiction over a misdemeanor. Originally this section applied only to Special

Sessions and Police Courts in Westchester County (L. 1935, ch. 604 — then Code Crim. Pro., § 59-a) but various amendments have broadened its geographical application to the entire State and made it applicable to City Court (L. 1937, ch. 621; L. 1939, ch. 293; L. 1944, ch. 557; L. 1946, ch. 149). Even when section 59 did apply to the court in question, however, the District Attorney could be thwarted from divesting jurisdiction by procuring an indictment if the misdemeanor charge came on for trial before he could procure the indictment. The Judicial Council, therefore, recommended an amendment to the then section 59-a to provide: "Such court shall adjourn the hearing and determination of any charge of misdemeanor until the next grand jury has been discharged, if the district attorney, before commencement of the trial, moves for the adjournment of the proceedings." And commented on the proposed amendment: "The provision for the adjournment of the trial of any charge of misdemeanor in the inferior court, upon motion of the district attorney, until the next grand jury has been discharged, is proposed in order to enable the district attorney to present the charge to a grand jury before it is disposed of by the lower court. Particularly in rural sections, where the grand jury is in session but a few times a year, the trial of a charge of misdemeanor would be concluded, in many cases, before the grand jury had opportunity to consider the charge, unless the district attorney is given the right to demand an adjournment of the proceedings until the next session of the grand jury." (Eleventh Annual Report of N. Y. Judicial Council, 1945, pp. 180–181.)

Clearly, then, the recommendation envisaged a mandatory adjournment of the proceedings "until the next grand jury had been discharged", such adjournment order to be made by the court of inferior jurisdiction before which the misdemeanor charge was pending. The recommendations of the Judicial Council were passed by the Legislature but vetoed by the Governor because part of the proposed legislation would have broadened the misdemeanor jurisdiction of Special Session Courts (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 57). A new bill without this defect passed as chapter 149 of the Laws of 1946, renumbering section 59-a to 59 and changing it to read as follows, the second paragraph being completely new:

"A court of special sessions, police court or city court of any city, town or village shall be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor if, before the commencement of the trial of any person

accused of a misdemeanor, a grand jury shall present an indictment against the same person for the same offense.

"If the district attorney, before commencement of the trial of any charge of misdemeanor, moves for the adjournment of the proceeding for the purpose of presenting the charge to the next grand jury, the court shall adjourn the hearing and determination of the charge until the discharge of the next grand jury."

The wording of this amendment clearly contemplates that the adjournment order *must* be granted by the court having original jurisdiction of the misdemeanor upon the application of the District Attorney.

Passing now to the County Court order prohibiting the City Court of Ithaca from continuing to assume jurisdiction of the cases. The County Court is a court of limited jurisdiction. Section 59 of the Code of Criminal Procedure gives it no authority to grant an adjournment in a City Court. As we have stated section 1287 of the Civil Practice Act provides that a petitioner may seek relief pursuant to article 78 at a Special Term of the Supreme Court. No authority vests similar jurisdiction in the County Court. Therefore, it is clear that the County Court had no power or authority to make its order herein.

Therefore in sum, the City Court of Ithaca has refused to grant an order of adjournment which the Code of Criminal Procedure requires it to make, and the County Court has either granted an order of adjournment which it has no power to make or granted an order of prohibition against the City Court which it has no power to do. This leads us to the further discussion as to what remedy, if any, the District Attorney has upon the refusal of the City Court to grant the adjournment. He has no appeal. The Ithaca City Court Act (L. 1931, ch. 415) provides for appeals from the Ithaca City Court in criminal matters in subdivision 6 of section 92: "Appeals may be taken from final orders and judgments rendered by the city judge, and by the courts of special sessions held by said city judge, as provided by the code of criminal procedure."

Subdivision 2 of section 90 authorizes the court to hold special sessions to try all misdemeanors committed within the city. Section 750 of the Code of Criminal Procedure provides that appeals from Courts of Special Sessions shall be taken as provided in sections 517–520 of the code. Section 518 allows the People to appeal in certain cases; it precludes appeal when the defendants are acquitted. None of the sections allow an appeal from an intermediate order except as such is reviewed upon

appeal from conviction. Thus the District Attorney has no effective right to appeal from the City Court's refusal to adjourn the case.

It was argued by the appellant that prohibition would not lie herein because of subdivision 2 of section 1285 of the Civil Practice Act which reads as follows: " Except as otherwise expressly prescribed by statute, the procedure under this article shall not be available to review a determination in any of the following cases: * * * 2. Where it was made in a criminal matter, except a criminal contempt of court committed in the immediate view and presence of the court and punished summarily."

Subdivision 2 of section 1284 of the Civil Practice Act defines " to review a determination " as follows: " The expression ' to review a determination ' refers to the relief heretofore available in a certiorari or mandamus proceeding for the review of any act or refusal to act of a body or officer exercising judicial, quasi-judicial, administrative or corporate functions, which involves an exercise of judgment or discretion."

In *Matter of Barber* v. *Richardson* (176 Misc. 210 [Sup. Ct., Broome County]), Deyo, J., held subdivision 2 of section 1285 of the Civil Practice Act inapplicable to prohibition proceedings in criminal matters. He argued that it was applicable only in proceedings " to review a determination ", that prohibition was not such a proceeding, and that article 78 was not intended to change the substantive law of extraordinary writs which allowed prohibition of action in criminal matters but merely to unify the procedure applicable to them. He continued (pp. 211–212): " From a careful reading of section 1285 it becomes obvious that it applies only to those cases which might formerly have been the subject of mandamus or certiorari. It has its course in former sections dealing with these remedies * * * It is obvious that it was not intended to include prohibition, since it speaks of reviewing a determination, which is not and never was the purpose of prohibition."

The Court of Appeals in recent years, although not expressly referring to the argument that subdivision 2 of section 1285 bars prohibition in criminal matters, has allowed this remedy to be used to rectify orders granted in criminal proceedings (*Matter of Murtagh* v. *Leibowitz,* 303 N. Y. 311 [1951; prohibiting Judge from taking jurisdiction of information]; *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1 [1946; prohibiting Judge from proceeding further in *coram nobis* proceeding]; see, also, *Appo* v. *People,* 20 N. Y. 531; *People ex rel. Jerome* v. *Court of General Sessions,* 185 N. Y. 504).

In holding that the County Court has no jurisdiction to grant relief by prohibition within article 78 of the Civil Practice Act, we do not pass upon the question whether relief may not be available at Supreme Court, Special Term. Our reversal of the order before us is without prejudice to any proceeding under article 78 in the Supreme Court or such other action as the District Attorney may elect and for this purpose an order staying the proceedings in the Ithaca City Court for a period of 30 days may be entered.

The order should be reversed on the ground that the County Court had no power under article 78 of the Civil Practice Act to make the order herein, and a stay may be entered as set forth in this opinion.

FOSTER, P. J., BERGAN, GIBSON and HERLIHY, JJ., concur.

Order reversed, without costs, and stay granted in accordance with opinion.