■ N. M. OBEDIN, Individually and Doing Business as N. M. OBEDIN COMPANY, Respondent, v. TENNYSON COURT, INC., Appellant.— In an action to recover a brokerage commission allegedly earned by the plaintiff, in which the defendant asserted a counterclaim to recover damages for alleged breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County, entered March 26, 1964 upon reargument, as: (1) granted plaintiff partial summary judgment and $25 costs; and (2) directed the entry of judgment accordingly in his favor. Order, insofar as appealed from, reversed, without costs, and plaintiff's motion for summary judgment denied in all respects. Defendant's counterclaim for plaintiff's breach of the contract is in an amount far in excess of the sum sought to be recovered by the plaintiff in this action. The validity of this counterclaim is supported by proof sufficient to create issues of fact. Under these circumstances, plaintiff's motion for summary judgment should be denied, even though the defendant concedes that the major part of the sum claimed by the plaintiff is owing to him (*Illinois McGraw Elec. Co.* v. *John J. Walter, Inc.,* 7 N Y 2d 874, 876, 877; *Hellmuth* v. *Brandin,* 3 A D 2d 997; cf. *Nopco Chem. Co.* v. *Milner,* 12 A D 2d 942; *Metal Specialty Prods. Corp.* v. *Howal-Ronset Instrument Co.,* 19 A D 2d 745). Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK BEUF, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered October 15, 1964, which denied without a hearing his application to vacate a judgment of said court rendered February 4, 1963 after a jury trial, convicting him of robbery in the third degree, assault in the second degree, and petit larceny, and imposing sentence upon him as a third felony offender. The judgment of conviction was previously affirmed (21 A D 2d 854). Order affirmed. In our opinion, the defendant failed to demonstrate that his arraignment in the absence of his retained counsel deprived him of any constitutional or statutory rights (*People* v. *Hyde,* 16 A D 2d 942; *People* v. *Lupo,* 16 A D 2d 943; *People* v. *Combs,* 19 A D 2d 639; *People* v. *Caccio,* 19 A D 2d 640; *People* v. *French,* 19 A D 2d 640). The assignment by the court, upon defendant's arraignment, of counsel to him; the entry of a plea of not guilty on his behalf; and the granting of leave to him to change his plea, to demur to the indictment, or to make any motions addressed to the indictment, all effectively served to preserve and protect defendant's rights and privileges. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.