THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM DE BERRY, Appellant, v. DANIEL McMANN, as Warden of Clinton Prison, Respondent.— AULISI, J. Appeal from a judgment of the Supreme Court at Special Term, County of Clinton, dismissing writ of habeas corpus. The record fails to indicate that relator was prejudiced in any manner by the absence of his counsel at his arraignment, the court entering a plea of not guilty on his behalf (*People* v. *Tyson,* 15 N Y 2d 866) ; or by the court's failure to give him the warning prescribed by section 335-b of the Code of Criminal Procedure, inasmuch as he did not then or thereafter plead guilty (*People* v. *Porter,* 19 A D 2d 928, affd. 14 N Y 2d 785) ; nor was postponement of sentence for two months without initially appointig a time so violative of defendant's rights and interests as to void the judgment (see *People ex rel. Accurso* v. *McMann,* 23 A D 2d 936). Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur.

ETHYLE OLKIN et al., Appellants, v. MARY GINSBERG, Respondent.— MEMORANDUM BY THE COURT. This negligence action was fairly tried, with no error of any substance, and none, certainly, of such moment as to have affected the result; and was submitted to the jury under a complete and adequate charge to which no exception was taken. We find no basis for any claim of prejudice. The verdict was not contrary to the weight of the evidence. Judgment affirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

ARTHUR KRADJIAN et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 40934.) — AULISI, J. Upon the supplemental findings for which we remitted (22 A D 2d 481), the State maintains that the trial court failed to deduct from its computation of value the conceded cost of grading and removal of structures, but we presume that it did deduct this item, which it specifically found, and arrived at an award substantially lower than claimant's evaluation, which took such deduction into account. Nothing to the contrary has been demonstrated. The State also contends that the value of a 14-foot right of way reserved by the court for access to the rear of the property was overvalued, but it is clear that this area would have separate utility value in conjunction with the commercial frontage and that it would eventually revert to complete use as commercial frontage when the need for access to the rear portion ceased. We find no basis for the other contentions raised by the State, one of which was presented for the first time upon appeal. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.