**UNITED STATES ex rel. William DeBERRY, Petitioner-Appellant,**

v.

**Hon. Harold W. FOLLETTE, as Warden of Greenhaven State Prison, Stormville, New York, Respondent-Appellee.**

**No. 466, Docket 30342.**

United States Court of Appeals Second Circuit.

Argued May 1, 1968.

Decided May 28, 1968.

Leon B. Polsky, New York City (Anthony F. Marra, The Legal Aid Society, of counsel), for petitioner-appellant.

Joel H. Sachs, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for respondent-appellee.

Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

William DeBerry was tried by a jury and convicted after a concededly fair trial in the County Court of Kings County of the crimes of first degree robbery, first degree grand larceny, and second degree assault, and was sentenced to a term of from 15 to 60 years as a second felony offender.[1] Having exhausted available state remedies,[2] DeBerry, now in Green Haven Prison, applied for a writ of habeas corpus in the United States District Court for the Southern District of New York, Sugarman, Ch. J., based on an alleged denial of his right to counsel at arraignment, which, it is claimed, represented a critical stage in the proceed-

1. The judgment of conviction was unanimously affirmed without opinion, People v. DeBerry, 20 App.Div.2d 758, 247 N.Y.S.2d 861, and leave to appeal to the Court of Appeals was denied on April 24, 1964. Certiorari was subsequently denied, 379 U.S. 937, 85 S.Ct. 341, 13 L.Ed.2d 348 (1964).

2. Relator petitioned for habeas corpus in the Supreme Court, Clinton County, dismissed October 16, 1964, aff'd, People ex rel DeBerry v. McMann, 24 A.D.2d 661, 261 N.Y.S.2d 198, remittitur amended, 24 A.D.2d 916. Leave to appeal to the Court of Appeals was denied, 16 N.Y.2d 484, 264 N.Y.S.2d 1026, 211 N.E.2d 654.

ings against him. Compare White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). The writ was denied without a hearing and this appeal followed; we affirm.

There is little dispute over the facts surrounding the alleged denial of counsel. DeBerry's retained counsel, who had filed a notice of appearance, apparently received no notice of the arraignment and was thus not present when a plea of not guilty was entered on DeBerry's behalf. The State concedes that DeBerry was not given the warning, required by former § 335–b, Code of Criminal Procedure, Laws of 1959, c. 219, § 1, that he might be subject on conviction to an increased sentence as a second offender.[3] On this appeal, DeBerry asserts that his rights under the Sixth and Fourteenth Amendments were violated because of the absence of counsel at arraignment coupled with his failure to receive a § 335–b warning. He alleges that at various stages of the proceedings after arraignment and before the filing of the second offender information he had been offered a reduced sentence in return for a plea of guilty to reduced charges, and, had he been aware of the possibility of receiving a second offender sentence, he would have accepted the prosecutor's plea arrangement.[4]

Whatever marks we might give DeBerry for ingenuity, we fail to discern any violation of a right cognizable on federal habeas corpus. We have recently held that the failure to give a § 335–b warning is not *per se* a violation of any constitutional right. United States ex rel. D'Ambrosio v. Fay, 349 F.2d 957, 962 (2d Cir.), cert. denied, 382 U.S. 921, 86 S.Ct. 301, 15 L.Ed.2d 235 (1965).[5] And, it is settled that in criminal proceedings under New York State law arraignment is not a critical stage of the proceedings requiring the presence of counsel. United States ex rel. Caccio v. Fay, 350 F.2d 214 (2d Cir. 1965). Indeed, every opportunity or defense which was originally available to DeBerry upon his arraignment was available throughout the remainder of the proceedings, when he was represented by counsel. See United States ex rel. Hussey v. Fay, 220 F.Supp. 562 (S.D.N.Y. 1963). We know of no constitutional right to bargain with the prosecutor for a reduced plea and any connection between the absence of counsel at arraignment and possible prejudice to DeBerry in subsequent plea negotiations which conceivably could have been conducted is too remote and speculative to require relief on federal habeas corpus. In any event, we are unable to perceive that any useful purpose would be served or proper remedy fashioned by permitting DeBerry

3. Relator's contention that noncompliance with § 335–b was reversible error *per se* was rejected by the state courts, which have never imposed a requirement of strict compliance with the statutory mandate. Prejudice must be shown, and in cases where a defendant pleads not guilty to the substantive charge and stands trial, the New York courts have consistently held that such defendants were not prejudiced by the absence of the § 335–b warning at arraignment. People ex rel. Purvis v. LaVallee, 18 N.Y.2d 753, 274 N.Y.S.2d 681, 221 N.E.2d 461 (1966); People v. Porter, 14 N.Y.2d 785, 250 N.Y.S.2d 813, 199 N.E.2d 845 (1964); People ex rel. Eidenmueller v. Follette, 26 A.D.2d 833, 273 N.Y.S.2d 904 (2d Dept. 1966), leave to appeal denied, 18 N.Y.2d 583, 277 N.Y.S.2d 1025, 223 N.E.2d 797 (1966), cert. denied, 386 U.S. 1013, 87 S.Ct. 1363,

18 L.Ed.2d 446 (1967). The state courts also found no violation of any of DeBerry's federal or constitutional rights.

4. DeBerry alleges that his trial counsel did not warn him of his second offender status because he assumed that a § 335–b warning had been given.

5. While due process does not require advance notice of a possible second offender charge, it does require reasonable notice of the charge and an opportunity for a full hearing with the aid of competent counsel on the issue of the defendant's second offender status. United States ex rel. D'Ambrosio v. Fay, 349 F.2d 957, 962. DeBerry does not now raise any defects in the actual proceedings on the second offender information or otherwise assert any denial of due process in connection with the sentencing procedures followed.

to replead to the charges against him, especially in view of the fact that he has already received a full and fair trial on the substantive charges.

Affirmed.