UNITED STATES ex rel. LeRoy NASH,
Relator-Appellant,

v.

Frederick REINCKE, Warden, Connecticut State Prison, Respondent-Appellee.

No. 141, Docket 33759.

United States Court of Appeals
Second Circuit.

Argued Nov. 7, 1969.

Decided Nov. 12, 1969.

LeRoy Nash, pro se.

Igor I. Sikorsky, Jr., Special Public Defender, Hartford, Conn., submitted a supplementary brief and argument, for relator-appellant.

Arlen D. Nickowitz, Asst. State's Atty., Fairfield Couny, Conn. (Joseph T. Gormley, Jr., State's Atty., for Fairfield County, Conn., of counsel), for respondent-appellee.

Before MOORE, FRIENDLY and HAYS, Circuit Judges.

PER CURIAM.

For the fourth time LeRoy Nash has sought federal habeas corpus [1] with respect to his 1947 Connecticut conviction for assaulting a police officer with intent to commit murder. He appeals from Judge Blumenfeld's denial of his latest application in a well-reasoned opinion but without an evidentiary hearing. Some of the extensive previous history is recorded in State v. Nash, 149 Conn. 665, 183 A.2d 275, cert. denied, 371 U.S. 868, 83 S.Ct. 130, 9 L.Ed.2d 104 (1962); Nash v. Reincke, 212 F.Supp. 877 (D. Conn.1962), aff'd 325 F.2d 310 (2 Cir. 1963), cert. denied, 377 U.S. 938, 84 S.Ct. 1345, 12 L.Ed.2d 302 (1964), and Nash v. Reincke, 156 Conn. 339, 240 A.2d 877

---

1. One of these, relating to his appeal, had a temporary success.

(1968). Other portions are to be found in unreported decisions of the District Court for Connecticut and the lower courts of that state.

■■ In the instant application Nash repeats his familiar theme that in 1947 he was deprived of his right to representation by retained counsel whom he then had the financial means to procure. Much is sought to be made of the state courts' present acceptance that the latter element of his claim may be factually correct. But this boots Nash nothing in view of the wholly supportable finding by the Supreme Court of Connecticut that "without any credible explanation, [he] fail[ed] to take any effective steps to procure private counsel." 240 A.2d at 879. A related claim, that, because of his insistence that he wished to retain counsel, the public defender was appointed too late to render effective assistance at the trial, has twice been determined against him, after thorough examination, by the Supreme Court of Connecticut, 183 A.2d at 279, 240 A.2d at 879, and we are pointed to nothing that would call that Court's conclusions into question.

■ The contention most strongly pressed upon argument was that Nash's arraignment, on June 11, 1947, at which the court did not appoint counsel because Nash insisted he was going to retain one, was a "critical stage" because Nash pleaded not guilty and elected a jury trial. While such a plea has generally been considered the very antithesis of prejudice, the claim is that perhaps plea bargaining or a trial before a judge would have been better choices. The contention is more remarkable for its ingenuity than for its merit. Nearly a month elapsed between the arraignment and the beginning of the trial, during all of which Nash could have had counsel appointed if he had so requested. Moreover, there is nothing to indicate that if Nash or the public defender appointed to defend him on July 8, 1947, had sought a continuance to engage in plea bargaining, cf. United States ex rel. DeBerry v. Follette, 395 F.2d 686 (2 Cir. 1968), or

to consider requesting trial before a judge, this would have been denied. A relator must show something more than such a will-of-the-wisp to upset a twenty year old conviction on overwhelming evidence.

The court commends Igor I. Sikorsky, Jr., Esq., for his earnest and skillful argument on Nash's behalf.

Affirmed.