Con G. Cholakis, J.
On November 4, 1975 an information charging the defendant with the commission of assault in the third degree was filed with the Troy Police Court. The same day the defendant was brought before the Honorable Kyran P. Molloy, Justice of the Troy Police Court, for arraignment. The transcript of the proceedings shows the defendant had the charge read to him, was advised of all his rights, including his right to make a telephone call to anyone, and had bail set. The defendant said he wished to make a telephone call. The Assistant District Attorney then moved pursuant to CPL 170.20 for an adjournment of the proceedings upon the ground that he intended to present the misdemeanor charge to a Grand Jury with a view to prosecuting by indictment in County Court. The motion was granted. The defendant was thereafter assigned the Public Defender who now moves by way of a writ of habeas corpus to have the defendant released from jail upon the ground that he is illegally detained.
The alleged basis of the illegal detention is that, pursuant to CPL 170.10 (subd 7), a defendant cannot be committed to a county jail until he has been arraigned. It is alleged by the defendant that because he did not have an attorney or enter a plea during the proceedings of November 4, 1975 he was not arraigned. The court cannot agree.
CPL 170.20 (subd 2) provides in part that: "At any time before entry of a plea of guilty to or commencement of a trial of an accusatory instrument specified in subdivision one, the district attorney may apply for an adjournment of the proceedings in the local criminal court upon the ground that he intends to present the misdemeanor charge in question to a grand jury with a view to prosecuting it by indictment in a superior court. In such case the local criminal court must adjourn the proceeding to a date which affords the district attorney reasonable opportunity to pursue such action”. (Subdivision 1 refers to an accusatory instrument containing only a misdemeanor charge.) Granting of the motion is mandatory (Matter of Sovocool, 7 AD2d 262).
A strict construction of the statute would indicate that any *929 time after the commencement of a criminal action, but before entry of a plea of guilty or the commencement of trial, the District Attorney’s motion for an adjournment must be granted. A criminal action is commenced by the filing of an accusatory instrument (CPL 1.20, subd 17). Once the defendant is arrested, however, CPL articles 120 and 140 require that he be promptly brought before a local criminal court having jurisdiction of the matter. The granting of a motion to adjourn the proceedings for presentation to the Grand Jury after the accusatory instrument is filed but before the arrested defendant is arraigned would fly in the face of the fundamental concept of due process and would be improper.
The issue then is whether this defendant was arraigned. Arraignment is defined in CPL 1.20 (subd 9) as follows: " 'Arraignment’ means the occasion upon which a defendant against whom an accusatory instrument has been filed appears before the court in which the criminal action is pending for the purpose of having such court acquire and exercise control over his person with respect to such accusatory instrument and of setting the course of further proceedings in the action. ” (Emphasis supplied.)
In the instant case the defendant appeared before the court in which the criminal action was pending and the court thereby acquired and exercised control over his person. Pursuant to CPL 170.10 the court informed the defendant of the charge against him, advised him of his rights and set bail. Following the District Attorney’s motion for an adjournment, the defendant was assigned the Public Defender. The defendant lost no rights and suffered no prejudice because of the absence of counsel at the time of his arraignment. The proceedings were merely adjourned. Police Court was never divested of jurisdiction. Whatever counsel could have done at the defendant’s arraignment, he was free to do thereafter (People v Combs, 19 AD2d 639; People v Beuf, 23 AD2d 852; People ex rel. De Beery v McMann, 24 AD2d 661) with the sole exception of entering a plea to the charge.
The making of the motion pursuant to CPL 170.20 set the course for future proceedings in the action. Therefore, if CPL 1.20 (subd 9) is to be strictly construed, the arraignment had been completed.
The defendant’s remaining assertion is that a plea must be entered at the time of an arraignment. The court does not find *930 that requirement contained within an arraignment’s definition.
The defendant would be in the same situation if he had been brought before a local criminal court, advised of the charges against him and of his rights and, while the matter was held pending retention or arrival of counsel, a Grand Jury filed an indictment in a superior court. The local criminal court would automatically be divested of jurisdiction and the defendant could not plead before it even upon the insistence of counsel, after his arrival.
In the event that the Grand Jury fails to act, this matter shall be returned to Troy Police Court, at which time the defendant can enter a plea to the charge.
It is therefore the opinion of the court that the defendant is legally detained and the defendant’s motion for an order discharging him from custody is denied.