■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER R. KEHOE, as Rensselaer County Public Defender on Behalf of CHARLES HECTOR MCINTOSH, Appellant, v WILLIAM A. HARKNESS, as Sheriff of the County of Rensselaer, Respondent.—Appeal from a judgment of the Rensselaer County Court, rendered November 24, 1975, which denied petitioner's prayer for release of defendant Charles Hector McIntosh. On November 4, 1975 an information charging McIntosh with the commission of assault in the third degree was filed with the Troy Police Court. On that day McIntosh appeared in court, had the charges read to him, and was advised of his rights, including his right to make a phone call to anyone. McIntosh stated he desired to make a phone call. The Assistant District Attorney then moved, purusant to CPL 170.20 (subd 2) for an adjournment to have the case presented to the Grand Jury. The court granted the motion and set bail in the sum of $1,000. A writ of habeas corpus was allowed and the court, after hearing arguments, denied the prayer for McIntosh's release. On this appeal petitioner, Rensselaer County Public Defender, on behalf of McIntosh, contends, among other things, that McIntosh had an absolute right to counsel at arraignment; that until he entered his plea, he was not arraigned; and that he was entitled to an adjournment to obtain counsel for that purpose. He argues that until arraignment, the court did not acquire control over his person and, therefore, the prayer for release should have been granted. We disagree. The plea was not a necessary part of McIntosh's arraignment. (CPL 1.20 subd 9.) The District Attorney could, at any time before entry of a plea of guilty or commencement of trial, move for an adjournment to present the matter to the Grand Jury. (CPL 170.20, subd 2.) The County Court, in our view, properly denied petitioner's motion for an order discharging McIntosh from custody. Judgment affirmed, without costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur. [84 Misc 2d 927.]

■ In the Matter of GARY LEWIS, Petitioner, v RAYMOND J. MINO et al., Respondents.—Application for issuance of an order to show cause for the purpose of commencing a proceeding pursuant to CPLR article 78, in this court, denied. (See *Bellamy v Judges & Justices,* 41 AD2d 196, affd 32 NY2d 886). Herlihy, P. J., Greenblott, Sweeney, Kane and Koreman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK v WILLIAM JOHN MEEGAN, Defendant.—Motion, pursuant to CPL 230.20, for change of venue denied. Motion to dismiss indictment in the interest of justice denied without prejudice to a proper application to the trial court (CPL 210.20, subd 1). Application by the People for order permitting use of a psychiatric report for impeachment purposes denied without prejudice to any application to the trial court which the People may be advised to make. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.

▬▬▬▬▬▬

## (December 23, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM K. MADDEN,