■ C&K REALTY Co., Respondent, v ISFC FABRICS CORP., Defendant, and WH FURNITURE GROUP, INC., et al., Appellants.—Order, Supreme Court, New York County, entered March 1, 1978, which denied the motion by defendants except ISFC Fabrics Corp. (ISFC) to dismiss the complaint as barred by the applicable Statute of Frauds and which granted plaintiff's cross motion for leave to serve an amended complaint to allege an additional cause of action for fraudulent transfer of the assets of ISFC, unanimously modified, on the law, to deny the cross motion for leave to serve the amended complaint and otherwise affirmed, without costs and without disbursements. The complaint seeks to recover for rent due under a 10-year lease entered into between plaintiff and ISFC on March 16, 1973. In 1975, when ISFC's business was sold, the premises were sublet, with plaintiff's consent. The action seeks to recover rent alleged to be due for the balance of lease following termination of the sublease. The sublease expressly recognized the obligation of ISFC as prime tenant under the lease. Upon the motion to dismiss, appellants WH Furniture Group, Inc., Williams Hudson America, Inc., and Williams Hudson Group, Ltd., the latter the English parent corporation, contended that there was no note or memorandum sufficient under the Statute of Frauds to establish an assumption by defendants of the lease between plaintiff and ISFC. In this respect, defendants rely upon subdivision 2 of section 5-703 of the General Obligations Law, which provides: "A contract for the leasing for a longer period than one year * * * of any real property * * * is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing." Defendants point to the absence of any express agreement whereby they assumed the lease with ISFC. We are in agreement that, so far as appears on this record, no note or memorandum has been submitted which is sufficient under subdivision 2 of section 5-703 of the General Obligations Law to constitute an assumption of the lease. This, however, is not dispositive. Paragraph 8 of the complaint alleges that appellants "directly or through the respective agents of each of said Defendants, assumed the tenant's obligations under the said lease." We interpret this paragraph as alleging a cause of action to recover upon an assumption of the obligation to pay the rent by way of a promise or undertaking by defendants to answer for the debt, default or miscarriage of ISFC in payment of rent. It need not be read only as alleging an assumption of all the obligations of the lease. On this reading, the applicable Statute of Frauds is section 5-701 (subd a, par 2) of the General Obligations Law which

declares void "a special promise to answer for the debt, default or miscarriage of another person", "unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent". The correspondence here relied upon appears to be sufficient to raise a factual issue which cannot be resolved on this record as to whether appellants undertook to answer for the obligation of ISFC to pay rent due for the balance of the term. As appellants concede, the requisite memorandum to satisfy the statute need not be contained in one document, but rather, may be pieced together from separate writings (Crabtree v Elizabeth Arden Sales Corp., 305 NY 48, 54; Marks v Cowdin, 226 NY 138, 145). The correspondence in the record emanated from defendants and from their attorneys. One letter dated March 25, 1976, from WH Furniture Group, Inc., admittedly not sent to plaintiff and not referring specifically to the ISFC lease, states, "this Corporation has an obligation to discharge those [ISFC's] liabilities and that liability has not been denied." The letter assures that substantiated claims will be dealt with promptly. Whether ISFC's obligation for rent under the lease was intended to be included within such "liabilities", is an issue of fact. Another letter from ISFC, dated July 9, 1976, acknowledges that rental payments are due and states that arrears will be paid off and that monthly payments will be thereafter made on a regular basis. Although this letter is on ISFC stationery, the letter is signed by John P. Vizard, whose name appears on the aforesaid March 25, 1976 letter from WH Furniture Group, Inc. Moreover, both letters request that any reply be made to the English address of the parent corporation. There has also been submitted a letter to plaintiff from the law firm representing defendants in this action, setting forth that "The procedure followed by Williams, Hudson is to pay various amounts owing by Isabel Scott [ISFC] in dollars from England." The letter further states that "some small additional amount of time [will be required] before payment can be made, but I think you can rest assured that rental payments will be forthcoming, even if slightly late." The authority of the attorneys as agents with authority to bind or merely to act as attorneys is also a factual issue which cannot be summarily resolved. An additional consideration is the fact that checks sent in payment of rent past due were sent by WH Furniture Group, Inc., and list ISFC as one of its entities on the face of the checks. There are other communications in the record and more may be discovered upon disclosure. There is plainly an issue of fact. With respect to plaintiff's cross motion for leave to serve an amended complaint, we find the record to be insufficient to support the application. Plaintiff sought to interpose a cause of action premised upon allegations that defendants fraudulently transferred the assets of ISFC to avoid the obligations to its creditors. In passing upon the cross motion, Special Term was required to examine the merits of the cause of action to be added (East Asiatic Co. v Corash, 34 AD2d 432). The present record is devoid of any affirmative proof bearing upon the merits of the additional claim for relief. The general, conclusory allegations as to Mr. Cohen's belief that there has been an improper transfer of funds from the corporate defendants to the English parent are patently insufficient for that purpose. A motion for leave to amend must be "by affidavit that could properly be considered upon a motion for summary judgment, which satisfies the court that the moving party has good ground to support the cause of action." (Cushman & Wakefield v John David, Inc., 25 AD2d 133, 135.) Plaintiff has clearly failed to comply with that standard and, accordingly, the motion for leave to amend should have been denied. Concur—Kupferman, J. P., Birns, Silverman, Fein and Lane, JJ.