■ LONGACRE PRESS, INC., Appellant, v POLYGLYCOAT CORPORATION, Respondent.—In an action to recover payment for goods sold and delivered, plaintiff appeals from an order of the Supreme Court, Westchester County, entered July 2, 1979, which (1) denied its motion for summary judgment and for severance of defendant's counterclaim, and (2) granted defendant's cross motion to amend its answer. Order affirmed, with $50 costs and disbursements. The plaintiff contracted with the defendant to prepare and deliver certain advertising material including printed matter, "car-toppers" and easels. Plaintiff commenced the instant action seeking payment for the previously delivered printed matter. Defendant interposed an inartfully drafted answer which denied the essential allegations of the complaint and asserted a counterclaim for moneys paid for the allegedly defective "car-toppers" and easels which had been returned unused. Approximately five months later, plaintiff moved for summary judgment on its complaint, and defendant cross-moved to amend its answer. The plaintiff's motion was grounded on the theory that the counterclaim involved a separate transaction which was interposed by way of setoff against the balance which was clearly owed to plaintiff. The cross motion to amend was sought to clarify and expand the answer and counterclaim by affirmatively alleging that there was but one contract for all the advertising material and that of the approximately $24,000 worth of printed matter, only approximately $9,000 worth of material was used and that the remaining material, valued at approximately $15,000 was returned as defective along with the car-toppers and easels. The cross motion was accompanied by an affidavit by the defendant's president in which he alleged that he had been out of town when the original answer was prepared and did not learn of its defects until the approximate time of the subject motions. There were also supporting affidavits by persons purporting to have knowledge of the return of the printed advertising material. Special Term denied plaintiff's motion for summary judgment and granted defendant's cross motion to amend its answer upon a finding that such relief was warranted by "defendant's explanation and the facts and circumstances of this case". The amendment of pleadings by leave of the court is a matter of discretion which is to be

liberally permitted "unless the rights of a party are substantially prejudiced thereby (CPLR 3025)" (Mitchell v City of New York, 44 AD2d 852). From this perspective, it is plain that there has been no abuse of discretion and therefore the order on appeal should be affirmed. The delay in seeking leave was not overly lengthy and resulted in no prejudice to the plaintiff. Nor is there any prejudice to the plaintiff by allowing the substance of the proposed amendment. The amendment itself clarifies the original answer by alleging additional factual matter which more clearly focuses the underlying transactions between the parties. Contrary to the plaintiff's allegation, defendant has not expressly conceded liability on plaintiff's complaint. The ambiguities which pervaded the original answer and which led to such inference are resolved by the proposed amendment which gives substance to the general denials contained in the original pleading. The plaintiff has conceded that the counterclaim should be severed and tried. However, the counterclaim is for a greater sum than is the plaintiff's action and we cannot accept the plaintiff's unsupported conclusion, forcefully challenged by the defendant, that the opposing claims stem from wholly separate transactions. In such circumstances it was clearly not an abuse of discretion to deny plaintiff's motion for summary judgment (cf. Obedin v Tennyson Ct., 23 AD2d 852). Furthermore, the amended pleading and supporting affidavits raise several factual issues material to plaintiff's action which necessarily preclude the grant of summary judgment. Therefore, Special Term's order should be affirmed in all respects. Gibbons, Rabin and O'Connor, JJ., concur.

Lazer, J. P., dissents and votes to reverse the order, grant plaintiff partial summary judgment in the amount of $9,882.30, deny defendant's cross motion to amend its answer, and sever defendant's counterclaim for trial, with the following memorandum: I believe that defendant's cross motion for leave to serve an amended answer and counterclaim should not have been granted and that partial summary judgment should have been granted to plaintiff on its cause of action to recover for advertising material sold and delivered. In its original answer, the defendant did not challenge the suitability of the advertising material delivered to it, but instead asserted a counterclaim concerning certain "car-toppers" separately ordered from and delivered by the plaintiff. It was only in response to plaintiff's motion for summary judgment that defendant altered its contentions concerning the quality of the advertising material and moved to amend its answer to assert the claim that the advertising material was defective. The stated excuse for the failure to assert this claim earlier was that the corporate president was unavailable during the drafting of the answer and a bookkeeping employee charged with supplying counsel with the necessary information was unaware of the alleged return to plaintiff of most of the printed materials sued upon. This excuse, tendered in response to an application for summary disposition five months after the original admissions of liability, should not suffice to defeat plaintiff's right to summary judgment. In my view, the cross motion has been employed as a means of "avoiding coming to grips with the substantial question" posed by the complaint (see East Asiatic Co. v Corash, 34 AD2d 432, 434; C & K Realty Co. v ISFC Fabrics Corp., 66 AD2d 697).