■ STACK ELECTRIC INC., Appellant, v DINARDI CONSTRUCTION CORP. et al., Respondents.—Order, Supreme Court, West-

chester County (Aldo Nastasi, J.), entered September 27, 1988, which denied plaintiff's motion for summary judgment and which granted defendants' cross motion for summary judgment to the extent of dismissing plaintiff's third and fourth causes of action for fraud and conversion and claim for punitive damages, unanimously affirmed, with costs and disbursements payable to defendants.

In the underlying action plaintiff, a licensed electrical contractor, seeks to recover $45,953 for electrical work, labor and materials allegedly supplied under a subcontract with the defendants for the renovation of a building at the State University of New York College at Purchase, New York.

Upon review of the record, we find that plaintiff's complaint failed to adequately state causes of action for fraud, conversion or punitive damages.

Specifically, plaintiff failed to allege any of the necessary elements to sustain a cause of action for fraud, but, rather, merely set forth a claim against the defendants for breach of contract or nonpayment of debt, for which no action in fraud lies (*Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403; *Elsky v KM Ins. Brokers,* 139 AD2d 691; *Edwil Indus. v Stroba Instruments Corp.,* 131 AD2d 425).

Similarly, by failing to allege that the defendants had "ownership, possession or control" of the specific funds in question, but, rather, that the defendants had an obligation to pay the plaintiff what it was owed after receiving payment from the State University Construction Fund, plaintiff failed to allege the necessary elements for a cause of action for conversion (*Employers' Fire Ins. Co. v Cotten,* 245 NY 102, 105; *Peters Griffin Woodward v WCSC, Inc.,* 88 AD2d 883; *Independence Discount Corp. v Bressner,* 47 AD2d 756, 757).

Equally devoid of merit is plaintiff's claim for punitive damages premised solely upon an alleged breach of the subcontract between the parties rather than upon any morally culpable conduct of a continuous and systematic nature aimed at the public generally (*Halpin v Prudential Ins. Co.,* 48 NY2d 906; *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354; *Samovar of Russia Jewelry Antique Corp. v Generali,* 102 AD2d 279).

Finally, the IAS court properly denied summary judgment on the remaining causes of action alleged in the complaint, where the defendants had asserted a counterclaim seeking an amount in excess of the amount demanded in the complaint and here the defendants had alleged unsatisfied claims and liens against the plaintiff for work, labor or materials required

under the subcontract *(Obedin v Tennyson Ct.,* 23 AD2d 852). Concur—Sullivan, J. P., Rosenberger, Asch and Rubin, JJ.