■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DAVID NEGRON, Also Known as THEODORO FIGUEROA, Appellant.—Judgments of the Supreme Court, New York County (Budd Goodman, J.), rendered September 6, 1985, convicting defendant, after a jury trial, of two counts of robbery in the first degree (indictments Nos. 1722/84 and 520/84, respectively) and sentencing him, as a predicate felon, to prison terms of from 6 to 12 years and 2½ to 5 years, consecutive to each other and consecutive to sentence imposed on defendant's conviction in Bronx County, unanimously affirmed.

The indictments, charging two separate robberies, were properly consolidated. When the charges are defined by the same or similar statutory provisions, consolidation is within the trial court's discretion. (CPL 200.20 [2] [c].) Each of the two indictments charged robbery offenses, wherein defendant allegedly requested livery cab service from a location in The Bronx to 120th Street and Paladino Avenue in Manhattan, where he grabbed the driver, took money, forced the driver out and drove off in the cab. Both drivers were able to identify defendant. "Proof of each crime was separately presented, uncomplicated and easily segregable in the jury's mind." *(People v Mack,* 111 AD2d 186, 188, *lv denied* 66 NY2d 616.)

The court did not abuse its discretion by permitting cross-examination of defendant on two felony convictions, without inquiry into the underlying facts. Both of these convictions were for robberies which bore on defendant's credibility *(People v Greer,* 42 NY2d 170; *People v Sandoval,* 34 NY2d 371).

The motion court properly denied defendant's motion to suppress the lineup identification. There was no characteristic or feature that would orient the viewer to select defendant. *(People v Lundquist,* 151 AD2d 505, *lv denied* 74 NY2d 849.)

Defendant was not denied his statutory right to a speedy trial. On the Polosi indictment (indictment No. 1722/84), the People were charged with 112 days and on the Stanley indictment with 114 days out of an allowable 184 days.

We have reviewed defendant's remaining contentions and find them to be meritless. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Kassal, JJ.