OPINION OF THE COURT
Herbert Kramer, J.
Defendant moves for release by writ of habeas corpus on the ground of abuse by the People of CPL 170.20 in an attempt to keep the defendant incarcerated for an indefinite period of time pending Grand Jury action.
*60 FACTS
Defendant Alvelez was arrested on March 12, 1991, and arraigned on a misdemeanor complaint in Criminal Court on March 14, 1991. The People converted the complaint to an information at the arraignment, at which time bail was set. The complaint charges assault in the third degree and criminal possession of a weapon in the fourth degree: defendant allegedly threw a broken plate at complainant causing serious personal injury. The People were apparently unable to locate the complainant for testimony before the Grand Jury.
On March 21, 1991, the People moved pursuant to CPL 170.20, causing the court to grant the People an adjournment for a reasonable time, so that they may obtain a felony indictment. (See, Matter of Sovocool v David, 7 AD2d 262 [1959]; People ex rel. Kehoe v Harkness, 84 Misc 2d 927, 928, affd 50 AD2d 1010 [1975].)
DISCUSSION
As of March 29, 1991, the defendant has remained incarcerated on a misdemeanor charge for 17 days, but has come no closer to proceeding to trial or disposition of his case. The statutory scheme fails to provide relief for incarcerated defendants charged with a misdemeanor, where the proceedings are stayed pursuant to CPL 170.20.
Both CPL 170.70 and 180.80 provide that a defendant will be released from incarceration within a week of arrest in the absence of a conversion or indictment. Alternately, there are other statutes in the CPL that fix a 45-day limit on detention for a dismissed indictment, on holding for a Grand Jury action after a preliminary hearing, and a waiver to the Grand Jury. (CPL 210.45 [9] [d]; 190.80.)
Defendant’s attorney advances the theory that the making of a CPL 170.20 motion reinstates the applicability of CPL 180.80. CPL 180.80 does not apply in the instant case because defendant was charged with a misdemeanor complaint rather than a felony complaint — nor does CPL 170.70 apply, since the complaint was converted into an information two days after arrest. (Cf., People ex rel. Kehoe v Harkness, supra.) The statutes setting a 45-day limit are likewise inapplicable, since they only operate when elements of voluntariness or significant judicial review are present.
There is no statutory analog to CPL 180.80, 170.70, or the *61 statutes fixing a 45-day limitation, that sets a time limit on the duration a defendant charged with a misdemeanor converted by an information, may remain incarcerated. This anomaly points to a gap in the statutory scheme that may amount to an equal protection or due process problem, since the defendant is precluded from taking a plea or proceeding to trial while the CPL 170.20 motion is in effect. (People v Barkin, 49 NY2d 901 [1980].) CPL 170.20 holds the potential for abuse, by which the People may act to keep a defendant charged with a misdemeanor incarcerated for an unconscionably long period.
This court holds that the reasonableness of the adjournment should be coterminous with the reasonableness of the detention. In the instant case, the People could not produce the complainant for testimony before the Grand Jury, and as a result, the defendant remained incarcerated while the People searched diligently for her.
Consequently, the People have until April 5, 1991, to obtain a Grand Jury indictment. Should the People fail to obtain an indictment by that date, the defendant shall be released upon his own recognizance.