■ Sandra Devlin et al., Respondents-Appellants, v Video Services Acquisition Corp. et al., Appellants-Respondents. [602 NYS2d 861] —Order and judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered December 23, 1992, which, inter alia, denied plaintiffs' motion for sum-

mary judgment pursuant to CPLR 3212 seeking to dismiss the first, second, third, fifth, sixth and seventh counterclaims interposed by the defendants, and order of the same court and Justice, entered April 21, 1993, which granted reargument and upon reargument, vacated so much of the prior December 23, 1992 order and judgment as granted partial summary judgment in favor of the plaintiffs as against the defendants on the third cause of action of their complaint, and denied that portion of plaintiffs' motion, unanimously affirmed, with one bill of $250 costs and disbursements of these appeals.

The underlying action by plaintiffs for, *inter alia,* breach of various sales and consulting agreements, arises out of the purchase by the defendants of the business and certain assets of a video service business, Devlin Videoservice ("Devlin"), owned by plaintiffs Sandra Devlin and Roman Culka in partnership, and succeeded in interest by plaintiff R&S Partnership.

Defendants' answer asserted, *inter alia,* counterclaims for (1) breach of warranty; (2) breach of contract; (3) fraud; (5) breach of certain noncompetition agreements executed by the parties; (6) indemnity; and (7) injunctive relief.

The IAS Court properly determined that summary judgment dismissing the defendants' first, second, third, fifth, sixth and seventh counterclaims was precluded by triable issues of fact.

In *Devlin v Video Servs. Acquisition* (188 AD2d 370), this Court, upon plaintiffs' appeal, unanimously affirmed an order of the same court and Justice which, *inter alia,* denied the plaintiffs' prior motion seeking to dismiss these same counterclaims, by stating, in pertinent part, that "[w]e agree with the IAS Court that issues of fact exist with respect to all of the counterclaims that cannot be resolved solely on the pleadings and proffered documents." The conflicting affidavits of the parties and their representatives, based upon personal knowledge of the underlying complex commercial dispute, which raise issues of credibility, indicate that genuine material issues of fact exist requiring a trial with respect to the counterclaims *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341).

The IAS Court, upon reargument, properly denied summary judgment in favor of the plaintiffs on their third cause of action for breach of the consulting agreements, executed contemporaneously with the purchase agreement, based upon

defendant's alleged failure to make any payments to the plaintiffs under the consulting agreements after February 22, 1991 as an offset for its damages. Contrary to plaintiffs' contention, paragraph 15 of the consulting agreement is not a blanket waiver by the defendant of all defenses, counterclaims and rights of set-off against moneys owed to the plaintiffs under the agreements, but rather is limited only to those defenses, counterclaims and rights of set-off which are allowed or arise under the laws of any State "other than New York" *(Stack Elec. v DiNardi Constr. Corp.,* 161 AD2d 416, 417-418; *Obedin v Tennyson Ct.,* 23 AD2d 852).

We have reviewed the plaintiffs' remaining claims and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Nardelli, JJ.