■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES NEAL, Appellant. [617 NYS2d 166] —Judgment, Supreme Court, Bronx County (John Collins, J.) rendered June 12, 1990, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him, as a second felony offender, to a term of 25 years to life, unanimously affirmed.

Defendant's motion to suppress his statement was properly denied. There is nothing in the record to substantiate defendant's claim that he was arraigned within the meaning of CPL 1.20 (9) earlier than April 1990 (see, People ex rel. Kehoe v Harkness, 84 Misc 2d 927, affd 50 AD2d 1010). The record in fact substantiates that CPL 710.30 notice requirements were satisfied, that no "additional delay" resulted from the arraignment of defendant on the eve of trial, and that the purpose of CPL 710.30 was fulfilled (see, People v O'Doherty, 70 NY2d 479, 488).

Defendant's CPL 30.20 motion, claiming that the 14-month delay deprived him of his constitutional right to a speedy trial, was properly denied. The relevant factors weigh against defendant (People v Taranovich, 37 NY2d 442). Firstly, 14 months is not far from the average time it takes to move from indictment to trial in Bronx County (cf., People v Rarba, 40 NY2d 922; People v Jackson, 178 AD2d 305, lv denied 79 NY2d 948; People v Romero, 173 AD2d 654, lv denied 78 NY2d 1014). Secondly, it is apparent that the delay was inadvertent and not designed to gain an advantage (see, People v Johnson, 38 NY2d 271). Thirdly, the defendant was incarcerated on an unrelated charge (see, People v Jackson, supra). Finally, defendant failed to establish his claim of being prejudiced by the delay (see, People v Fuller, 57 NY2d 152, 160).

Finally, we perceive no abuse of sentencing discretion. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.