■ SAGITTARIUS BROADCASTING CORPORATION et al., Appellants, v EVERGREEN MEDIA CORPORATION, Respondent. [641 NYS2d 267] —Order, Supreme Court, New York County (Bea-

trice Shainswit, J.), entered June 9, 1995, which denied plaintiffs' motion for partial summary judgment on the first and second causes of action and to strike defendant's affirmative defenses pursuant to CPLR 3211 (b), unanimously affirmed, with costs.

The IAS Court properly determined that plaintiffs were not entitled to partial summary judgment on their first cause of action for breach by their licensee, defendant Evergreen, of a Licensing Agreement, wherein plaintiffs granted Evergreen the exclusive license to broadcast "The Howard Stern Show", on radio station WLUP-AM in Chicago for a three year term expiring October 14, 1995, nor entitled to partial summary judgment on their second cause of action seeking monetary recovery on an indemnification provision incorporated therein. Summary judgment was precluded by genuine triable material issues of fact, raised by conflicting affidavits of the parties, with respect to the extent of plaintiffs' knowledge and the extent of Evergreen's knowledge during negotiations and prior to the execution of the parties' Licensing Agreement regarding plans by the Federal Communications Commission (FCC) to pursue an unprecedented escalation of fines and other regulatory actions against shows that broadcast materials that the FCC found indecent, as well as an allegedly undisclosed FCC inquiry against plaintiff Sagittarius and its affiliates, WYSP-FM in Philadelphia and WJFK-FM in Washington, D.C., relating to broadcasts of The Howard Stern Show (*see, Devlin v Video Servs. Acquisition Corp.*, 197 AD2d 473, 474).

Nor did the IAS Court err in determining that plaintiffs were not entitled to the striking of defendant's third affirmative defense, alleging impossibility of performance, or the remaining affirmative defenses, since conflicting affidavits of the parties raise triable issues of fact as to whether defendant Evergreen was excused from performing under the agreement by the doctrine of impossibility, because of the asserted unforeseeability of the FCC actions (*see, Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902; *City of New York v Local 333*, 79 AD2d 410, *affd* 55 NY2d 898). There are also factual issues as to whether defendant was excused from performance under the agreement on the ground that plaintiffs fraudulently induced it to enter into the agreement by failing to apprise it of complaints against The Howard Stern Show and enforcement efforts by the FCC (*see, Ferer & Sons v Chase Manhattan Bank*, 731 F2d 112, 123); whether defendant's termination of the Licensing Agreement was justified by plaintiffs' wrongful breach thereof (*see, Stasyszyn v Sutton E. Assocs.*, 161 AD2d

269); and whether defendant was excused from performance by failure of consideration (*see, Fugelsang v Fugelsang*, 131 AD2d 810, 812) or plaintiffs' alleged "unclean hands" (*see, National Distillers & Chem. Corp. v Seyopp Corp.*, 17 NY2d 12, 15-16).

We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Tom, JJ.