■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY HOWARD, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY HOWARD, Appellant. [653 NYS2d 102] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered December 12, 1991, convicting defendant, upon his guilty plea, of attempted robbery in the first degree, and sentencing him to a term of 2 to 6 years, and judgment, Supreme Court, Bronx County (Irene Duffy, J.), rendered January 27, 1992, convicting defendant, after a jury trial on two consolidated indictments, of five counts of robbery in the first degree, and sentencing him to five concurrent terms of 7 to 21 years, all to run consecutively to his sentence imposed in New York County, unanimously affirmed.

Defendant was not deprived of his statutory or constitutional right to a speedy trial. At most, only 165 days are chargeable to the People pursuant to CPL 30.30, even if the period preceding November 7, 1990 is included in the calculations. Contrary to defendant's contention, the People's November 28, 1990 declaration of readiness was not rendered "illusory" by their filing of a consolidation motion a few days later. Moreover, once they answered ready, they were not required to declare continuously their readiness after the motion to consolidate was granted (*People v Reid*, 214 AD2d 396). Defendant's remaining procedural and substantive arguments concerning the CPL 30.30 motion are without merit. Nor did the almost 18-month delay between arraignment and trial deprive defendant of his constitutional right to a speedy trial (*People v Neal*, 208 AD2d 400, *lv denied* 84 NY2d 1014; *People v Taranovich*, 37 NY2d 442).

The court properly granted the motion to consolidate the two Bronx indictments involving three separate robberies of bodegas close in time and proximity to each other, where the identification evidence in the cases was strong, and the cases were not complex (*see, People v Negron*, 166 AD2d 165, *lv denied* 77 NY2d 909).

The photo array and line-up were not unduly suggestive, where, in each instance, our review of the photographs reveals that the fillers shared similar features with defendant and there was no "substantial likelihood that the defendant would be singled out for identification" (*People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833).

Defendant has failed to preserve his claim that the sentencing court in his New York County case should have exercised its discretion under Penal Law § 70.25 (2-b) and fulfilled its promise to sentence him to a term concurrent with the sen-

tences imposed in his Bronx County cases (*see, People v Lopez*, 71 NY2d 662). When the court determined that it could not offer the promised sentence, it properly offered defendant all that he was entitled to, namely, the option to withdraw his plea (*People v Selikoff*, 35 NY2d 227, 240, *cert denied* 419 US 1122). In any event, we would note that there were no statutory mitigating circumstances in this case to warrant concurrent sentencing, where defendant played a pivotal role in a violent robbery during which his cohort shot the victim. Concur—Sullivan, J. P., Wallach, Rubin, Williams and Tom, JJ.